Leonard JAKAB, Appellant,

v.

**GRAN VILLA TOWNHOUSES HOME-OWNERS ASSOCIATION, INC.,**
Appellee.

No. 05–03–01626–CV.

Court of Appeals of Texas, Dallas.

Nov. 18, 2004.

Forrest W. Wagner, Pettigrew & Wagner, Grand Prairie, for Appellant.

Paul W. Leech, Grand Prairie, for Appellee.

Before Justices MOSELEY, BRIDGES and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

The Gran Villa Townhouses Homeowners Association filed suit against appellant Leonard Jakab for unpaid dues and late fees on six units. Jakab counterclaimed and sought recovery of dues, contending that an eight-year-old increase in dues was in violation of the Homeowners Association's Declaration of Covenants and Restrictions. Using the Homeowners Association's payment records to calculate damages, the trial court rendered the following judgment:

It is therefore ORDERED and a judgment [sic] and decreed that [the Homeowner's Association] recover of and from [Jakab] the following:

1. $1,875.00 for past due unit payments;
2. $375.00 for past due late charges;
3. $17,500 attorney fees.

It is further ORDERED that [Jakab] recover of and from the [Homeowners Association] the following:

1. $11,375.00 for the number of $25.00 [payments] improperly collected by the [Homeowner's Association] from [Jakab].

On appeal, Jakab contends that because the Homeowners Association was in violation of the Declaration of Covenants and Restrictions when it increased the dues to $75 per month, and because the amount of his payments exceeded all non-payments and late fees that might have been charged against him, the trial court erred when it awarded the Homeowners Association any damages. Jakab also appeals the amount of his award, as well as the Homeowners Association's right to recover attorney's fees. We vacate the award of attorney's fees, reform the judgment to reflect an award of $9,125 in favor of Jakab, and affirm the judgment of the trial court as reformed.

## BACKGROUND

Jakab was the owner of five units from January of 1991 through July of 2001, and the owner of one unit from May of 1995 through July of 2001. In 1990, the Homeowners Association voted to increase its monthly dues to $75. The Declarations of Covenants and Restrictions, however, provided the following:

The Association shall have the right, by and through its Board of Directors, to uniformly assess each Owner of a Lot any sum up to Fifty Dollars ($50.00) per month, which assessment is to be used by the Association for the care, maintenance, preservation, and architectural control of the common facilities, including the swimming pool and clubhouse and common spaces. However, the annual assessment may be increased effective January 1 of each year without a vote of the membership in conformance with the rise, if any, of the Consumer Price Index (published by the Department of Labor, Washington, D.C.) for the preceding month of July.

The trial court interpreted the Declarations of Covenants and Restrictions to mean that the Homeowners Association could not assess dues over $50 per month.

Consequently, the court held that the difference between the amount actually paid by Jakab and the $50 lawfully authorized by the Homeowners Association was an overpayment for which Jakab should be reimbursed. The trial court also found that Jakab made some payments late and failed to make some assessment payments. The trial court made two different calculations—one for Jakab's missed payments and late fees, and one for Jakab's overpayments—and rendered judgment accordingly.

## STANDARD OF REVIEW

After a trial to the bench, the trial court filed findings of fact and conclusions of law in support of its final judgment. We review fact findings for sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994). In evaluating legal sufficiency, we view the evidence in the light most favorable to the prevailing party. *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 24 (Tex.1994). To support a reversal, we must be persuaded that reasonable minds could not differ on the matter in question. *Id.* at 25 (*citing* William Powers, Jr. & Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Texas L.Rev. 515, 522–23 (1991)). When reviewing a challenge to the factual sufficiency of the evidence, we must consider, weigh, and examine all of the evidence in the record. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We set aside the finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d

770, 772 (Tex.1996). In so doing, we do not pass on the witnesses' credibility or substitute our judgment for that of the trier of fact. *Cohn v. Comm'n for Lawyer Discipline*, 979 S.W.2d 694, 696 (Tex.App.-Houston [14th Dist.] 1998, no pet.).

Conversely, we review the trial court's decisions involving mixed questions of law and fact under an abuse of discretion standard. *See El Paso Natural Gas Co. v. Minco Oil & Gas Co.*, 964 S.W.2d 54, 61 (Tex.App.-Amarillo 1997), *rev'd on other grounds*, 8 S.W.3d 309 (Tex.1999). Conclusions of law are reviewed de novo as legal questions, and we afford no deference to the lower court's decision. *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996); *Treadway v. Shanks*, 110 S.W.3d 1, 5 (Tex.App.-Dallas 2000), *aff'd*, 110 S.W.3d 444 (Tex. 2003).

## DAMAGES AWARD

In issues one, two, and four, Jakab contends that *all* assessments against him were unauthorized and illegal after January 1, 1991, because they were excessive, the purposes for which the assessments were made were not authorized uses as stated in the Declaration of Covenants and Restrictions, and the increase in assessed dues was not made on an annual basis considering the needs of the Homeowners Association for maintaining the common spaces for the upcoming year. In the alternative, Jakab argues that any amount over $50 per month was unauthorized and illegal for the same reasons. Jakab contends that based upon either theory, he owes nothing to the Homeowners Association.[1]

---

1. We note that in his appellate brief, Jakab does not challenge each finding of fact and conclusion of law in those precise words. However, it is clear from Jakab's arguments which findings and conclusions he is challenging. *See Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911–12 (Tex.App.-Austin 1998, pet. denied) (deciding that while appellant did not specifically challenge all the trial court's findings, his argu-

The trial court found that, upon a review of the Declaration of Covenants and Restrictions, the maximum to which the Homeowners Association could have increased its assessed dues was $50 per month. The trial court also found that when the Homeowners Association voted to increase the assessed dues to $75 per month, it was charging $25 more per month than it was authorized to assess and that Jakab was entitled to recoup the overpayment, but not the full amount of the assessments he paid.

Contract interpretation is a legal question unless it is unclear or susceptible to two or more reasonable interpretations. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). If so, it becomes a question for the factfinder. *Id.* at 394. In the case before us, there is an argument for both of Jakab's interpretations. Consequently, this is a mixed question of law and fact, and we will not disturb the trial court's finding absent an abuse of discretion. *See El Paso Natural Gas,* 964 S.W.2d at 61. It is within the realm of reasonable disagreement that only $25 of the $75 monthly dues was not authorized by the Declaration of Covenants and Restrictions. We hold, therefore, that the trial court did not abuse its discretion in making that determination.

Further, after a review of the record, we hold that the evidence is both legally and factually sufficient to support the finding that Jakab missed assessment payments of $1,875 and late fees of $375 from 1999 through 2002. The evidence is also legally and factually sufficient to sup-

port the finding that Jakab paid $11,375 more than he was legally obligated to pay to the Homeowners Association from the time the assessments were increased in 1990. Accordingly, we decide issues one, two, and four against appellant.

## ATTORNEY'S FEES

In his third issue, Jakab challenges the trial court's award of attorney's fees to the Homeowners Association. Jakab argues that the Homeowners Association is not a prevailing party and is thus not entitled to attorney's fees. As a general rule, attorney's fees are not recoverable in Texas unless allowed by contract or by statute. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex. 1992). Whether attorney's fees are available under a particular statute is a question of law, which we review de novo. *See Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 94 (Tex.1999).

In a breach of restrictive covenant action, "the court shall allow to a prevailing party who asserted the action reasonable attorney's fees ..." TEX. PROP.CODE ANN. § 5.006 (Vernon 2004). A prevailing party is typically described as the party to a suit that either successfully prosecutes the action or defends against it, prevailing on the main issue. *FDIC v. Graham,* 882 S.W.2d 890, 900 (Tex.App.-Houston [14th Dist.] 1994, no writ). Simply stated, the prevailing party is the party vindicated by the judgment rendered. *Dear v. City of Irving,* 902 S.W.2d 731, 739 (Tex.App.-Austin 1995, writ denied).

ments impliedly attacked the trial court's findings of fact); *Ridgell v. Ridgell,* 960 S.W.2d 144, 147 (Tex.App.-Corpus Christi 1997, no pet.) (deciding that though findings of fact not specified, appellant's argument reflected that he specifically challenged trial court's findings); *Carson v. State,* 117 S.W.3d

63, 66 (Tex.App.-Austin 2003, no pet.) (deciding that appellant implicitly challenged conclusion). We conclude that Jakab is challenging every finding of fact and conclusion of law relevant to this appeal, and we will review his issues accordingly.

■ The Homeowners Association cites *McKinley v. Drozd*, 685 S.W.2d 7, 9–10 (Tex.1985), for the proposition that because the trial court found Jakab had failed to make certain monthly assessments and late charges, the Homeowners Association was a prevailing party even though it did not receive a net recovery. In *Drozd*, the Texas Supreme Court expressly approved the award of attorney's fees even though the amount of damages awarded to a party was entirely offset by the amount awarded to an opposing party. *See id.* But *Drozd* is specifically limited to the successful prosecution of a Deceptive Trade Practices Act claim or to attorney's fees pursuant to article 2226 of the Revised Civil Statutes, now codified in chapter 38 of the Civil Practice and Remedies Code.[2] *See id.* at 9, 11; *see also Janicek v.2016 Main Owners Assn., Inc.,* No. 01–96–00599–CV, 1997 WL 414951, at *3 (Tex. App.-Houston [1st Dist.] July 24, 1997, no writ) (not designated for publication) (con-

cluding that *Drozd* applied to DTPA actions, but not to breach of covenant actions).[3] The Homeowners Association is not a consumer and did not sue under the D.T.P.A., nor did it sue for attorney's fees under the Civil Practice and Remedies Code. And in determining whether attorney's fees are recoverable under one statute, the construction of another attorney's fees statute is not controlling. *Drozd*, 685 S.W.2d at 9.

■ In regard to determining the prevailing party in this case, we note that the main issue is the interpretation of the Homeowners Association's Declaration of Covenants and Restrictions, and how that interpretation affects the financial positions of the parties. The trial court found in favor of Jakab on that issue and Jakab was vindicated by the trial court's judgment.[4] Further, from a review of the record, it is clear that Jakab's missed assessment payments and late fees were satisfied by the overpayments he made which were

2. *See* Tex. Bus. & Com.Code Ann. § 17.50(d) (Vernon 2002); Tex. Civ. Prac. & Rem.Code Ann. § 38.001 (Vernon 1997).

3. In *Janicek,* the Houston court addressed a very similar issue to the one before us. When a homeowners' association exercised its power of sale for non-payment of maintenance fees, the condominium owner sued the association to enjoin foreclosure and for recoupment of excess maintenance fee payments. The trial court found that the association had overcharged Janicek by $2,679.97 because it had assessed his maintenance fees upon an incorrect ownership percentage. It also found that the association was entitled to an offset of $2,544.47 for unpaid maintenance fees. The trial court rendered judgment for Janicek awarding him the net amount of $125.50, and awarded attorney's fees to both Janicek and the association. On appeal, Janicek complained that the association was not entitled to attorney's fees. The association argued that it was entitled to an award of attorney's fees because it was the prevailing party on its counterclaim for breach of a restrictive covenant. The Houston court held

that *Drozd* did not apply, and that the trial court erred when it awarded the association attorney's fees even though it had received an offset on its counterclaim. *1997 WL 414951,* *3–4.

4. In *Apex Services v. Southlake Construction Services, Inc.,* No. 05–98–00431–CV, 2000 WL 1286379, at *6 (Tex.App.-Dallas Sept.13, 2000, no pet.) (not designated for publication), this court cited *Drozd* and noted that a party does not have to have a net recovery to be entitled to attorney's fees under chapter 38 of the Civil Practice & Remedies Code. However, in *Apex,* quantum meruit damages were offset by breach of contract damages. *Id.* at *1. We have not found any court that has held that a party does not have to have a net recovery to be entitled to attorney's fees under the business & commerce code or, more specifically, in a breach of restrictive covenant case where maintenance fees are offset by maintenance fees or where claims for monthly assessments are offset by claims for recoupment of overpayments of monthly assessments.

created by the illegal assessment of dues long before the Homeowners Association brought its lawsuit. It is axiomatic that a party cannot be a prevailing party if it has already been fully compensated for any losses incurred prior to the commencement of litigation. We hold, therefore, that the Homeowners Association is not the prevailing party, and thus is not entitled to attorney's fees.

## THE HOMEOWNERS ASSOCIATION'S APPEAL

■ The Homeowners Association contends that the damages assessed in favor of Jakab are incorrect because the trial court did not apply the four-year statute of limitations to Jakab's counterclaim (from the date the counterclaim was filed, just one month prior to trial). According to the Homeowners Association, it filed a plea of limitation with the court below, but the trial court failed to rule on it.[5] In the alternative, the association argues that Jakab should not have been awarded any damages because he did not put on evidence of what portion of the $75 dues was illegal.

The Homeowners Association did not file a notice of appeal. Normally, we "may not grant a party who does not file a notice of appeal more favorable relief than did the trial court." *See* Tex.R.App. P. 25.1(c). But there is an exception to this rule-the party seeking affirmative relief may show "just cause" for not filing the notice. In its brief, the Homeowners Association states the following:

> When the trial court notified the parties of its initial judgment, there were still no pleadings, or testimony to support a trial by consent, concerning the issue now first raised in this Court, that no attorney fees should be granted, the As-

sociation considered the matter had been waived. Based upon that state of the case, the Association chose not to pursue their own appeal, concerning the Court's refusal to rule on their limitation pleading.

> But now, when Jakab first raises the issue of attorney fees on appeal, the Association submits "just cause" has been demonstrated under Rule 25.1(c) T.R.A.P. and thereby requests this Court, if the Court decide [sic] to consider Issues Number One, Two, Three and Four in Appellant's Brief, to consider as error, the failure of the Court to grant the Association's Plea of Limitations.

And in its prayer, the Homeowners Association

> pray[ed] this Court find that "just cause" has been demonstrated by Appellee not to appeal the issue of the trial courts failure to rule upon its plea of limitation;

> … and that it deny Appellants recovery for damages because of insufficient evidence.

The Homeowners Association's only explanation for failing to file an appeal, which it argues shows "just cause," is that it chose not to appeal because it believed the issue of attorney's fees had been waived. But Jakab filed a timely motion for new trial complaining of the trial court's award of attorney's fees, thus preserving the issue for appeal. Consequently, the Homeowners Association knew or should have known that if Jakab prevailed on appeal, the award of attorney's fees could be vacated. The Homeowners Association's explanation is not sufficient to show "just cause." We hold, therefore, that it has waived error as to any complaints it might

---

5. There is no plea of limitation in the clerk's     record.

have had on appeal. *See Richardson I.S.D. v. GE Capital Corp.*, 58 S.W.3d 290, 292 (Tex.App.-Dallas 2001, no pet.).

## CONCLUSION

We vacate the award of attorney's fees, reform the judgment to reflect an award of $9,125 [6] in favor of Jakab, and affirm the judgment of the trial court as reformed.[7]

6. This figure is calculated by subtracting the $1875 and $375 awarded to the Homeowners Association from the $11,375 awarded to Jakab by the trial court.

7. Although Jakab prayed for a new trial, we have the authority to modify and render judgment. *See Hinton v. State*, 2001 WL 827437, *7 (Tex.App.-Dallas Jul 24, 2001, no pet.) (reforming judgment even though appellant asked for remand in prayer); *Res. Sav. Ass'n v. Neary*, 782 S.W.2d 897, 903–04 (1989, writ denied) (remanding for further proceedings even though party asked only for rendition in prayer); *Kaspar v. Thorne*, 755 S.W.2d 151 (Tex.App.-Dallas 1988, no writ) (rendering judgment even though appellant asked for remand in prayer). In *Kaspar*, this court analyzed the rules of appellate procedure and concluded that rule 81 (now rule 43.3) showed a strong preference for rendition and that preference, supported by sound policy, overrode a party's failure to request in his prayer that this court render the judgment that should have been rendered by the trial court.