Affirmed and Majority and Concurring Opinions filed January 11, 2007








Affirmed and Majority and Concurring Opinions filed January 11, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00254-CV

_______________

 

WARWICK TOWERS COUNCIL OF CO‑OWNERS, by and
through

ST. PAUL FIRE & MARINE INSURANCE COMPANY,
Appellant

 

V.

 

PARK WARWICK, L.P., PARK WARWICK INVESTMENTS, L.L.C.,

AND PARK HOTEL INVESTMENTS, L.L.C., Appellees

                                                                                              
                                                 

On Appeal from 113th District Court

Harris County, Texas

Trial Court Cause No. 03‑31949

                                                                                                                 
                              

 

M A J O R I T Y   O P I N I O N

 

Warwick Towers Council of Co-Owners
(the ACouncil@) by and through St. Paul Fire &
Marine Insurance Company (ASt. Paul@) appeals a summary judgment granted in favor of Park Warwick
L.P., Park Warwick Investments, L.L.C., and Park Hotel Investments, L.L.C. (Aappellees@) on numerous grounds.  We affirm.








As relevant to this appeal, the
Council and St. Paul sued appellees for property damage the Council suffered
when flood waters from Tropical Storm Allison allegedly flowed into the loading
dock of the Warwick Hotel, owned by appellees, and then traveled through an
underground tunnel to the Warwick Towers condominium property.  The Council
asserted causes of action for negligence, trespass, and nuisance; and St. Paul,
the Council=s insurance carrier, asserted a claim for subrogation[1]
to recover the amount it had paid on the Council=s policy claims.

After appellees obtained a partial
summary judgment against the Council=s claims for trespass and nuisance
(but not negligence), and against all of St. Paul=s claims (based on a waiver of
subrogation), the Council moved to dismiss all of its claims against appellees
with prejudice, and the resulting order of dismissal caused the previous
partial summary judgment against St. Paul=s claims to become final.

A notice of appeal was thereafter
filed solely in the name of the Council that did not in any way refer to St.
Paul or otherwise purport to be filed by, on behalf of, or with St. Paul; and
no other notice of appeal or amended notice of appeal was filed by or on behalf
of the Council or St. Paul.[2]  However,
beginning with their subsequent agreed motion to abate the appeal (pending
supplementation of the clerk=s record), appellant has been denominated as, AWarwick Towers Council of Co-Owners
by and through St. Paul Fire & Marine Insurance Company.@








An appellate court may not grant a
party who fails to file a notice of appeal more favorable relief than did the
trial court except for just cause.  Tex.
R. App. P. 25.1(c). Although the circumstances constituting Ajust cause@ are not addressed in rule 25.1 and
have not been developed in the case law, Texas appeals courts have uniformly
declined  to afford relief to parties who have not filed a notice of appeal and
make no showing of just cause.[3]  Similarly,
an appealing party may not complain of errors that do not injuriously affect it
or that merely affect the rights of others.  Torrington Co. v. Stutzman,
46 S.W.3d 829, 843 (Tex. 2000).

To whatever extent this case might
have been brought solely in the name of the Council, either by it or by St.
Paul in the name of the Council,[4] it was not
brought in that way. Instead, the Council and St. Paul each expressly sued in
its own name as a co-plaintiff.  St. Paul sought recovery of only the portion
of the alleged damages that were subject to its right of subrogation.  Judgment
was entered against the Council=s claims  based on its motion to dismiss, whereas judgment
was entered against St. Paul=s claims based on appellees= partial summary judgment.  The
record does not reflect that the judgment entered against the Council=s claims affected those asserted by
St. Paul[5] or vice
versa.  Nor is there any indication or contention that St. Paul subsequently
obtained any further interest in the claims asserted by the Council.[6]








Because the Council and St. Paul were
independent parties in the trial court, and because the trial court=s judgment, entered against each of
them on independent grounds,  did not affect the rights of the other, it
logically follows that neither was adversely affected by the judgment against
the other, and, thus, neither had standing to appeal the judgment entered
against the other.  Under these circumstances, the notice of appeal filed
solely and unambiguously in the name of the Council and without any reference
to St. Paul, can relate only to the portion of the judgment that disposed of
claims asserted by the Council, and not to its disposition of claims asserted
by other parties, such as St. Paul.  A contrary interpretation would suggest
that a notice of appeal filed in the name of any single party would apply to
any or all other co-parties and thereby render rule 25.1(c) meaningless.[7] 
Moreover, although a defect in a notice of appeal may be corrected by
amendment,[8] the notice of
appeal filed for the Council is not defective, and no amendment was filed in
any event.[9]

Because our record does not reflect
that a notice of appeal was filed for St. Paul, and the record does not contain
a showing of good cause to grant St. Paul more favorable relief than did the
trial court, we have no authority to do so.  Accordingly, we do not reach the
issues presented by St. Paul, and the judgment against it is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and
Concurring Opinions filed January 11, 2007.

Panel consists of Justices Hudson,
Edelman, and Seymore.  (Seymore, J., concurring).









[1]           An insurer that pays its policy holder on a
claim is subrogated to the right of the policy holder to recover damages from a
third party who caused the loss to the extent that the amount recovered from
the third party exceeds the remaining portion of the policy holder=s insured loss above the amount paid by the insurer.  See
Ortiz v. Great S. Fire and Cas. Ins. Co., 597 S.W.2d 342, 344 (Tex. 1980).





[2]           The attorneys who filed the notice of
appeal do not appear in our record as counsel for either the Council or St.
Paul before the notice of appeal was filed.  Their designation of clerk=s record was also requested solely in the name of the
Council as appellant.





[3]           See, e.g., Brooks v. Northglen Ass=n, 141
S.W.3d 158, 171 (Tex. 2004); Lubbock County v. Trammel=s Lubbock Bail Bonds, 80 S.W.3d 580, 584 (Tex. 2002); Boulle v. Boulle, 160 S.W.3d
167, 176-77 (Tex. App.CDallas 2005, pet. denied); see also Jakab v. Gran
Villa Townhouses Homeowners Ass=n, Inc., 149 S.W.3d 863,
869-70 (Tex. App.CDallas 2004, no pet.) (holding that Association=s explanation that it filed no appeal because it
believed its issue had been waived was not sufficient to show just cause).





[4]           See, e.g., Fort Worth & Denver Ry.
Co. v. Ferguson, 261 S.W.2d 874, 880 (Tex. Civ. App.CFort Worth 1953, writ dism=d).





[5]           The dismissal of the Council=s claims did not prejudice St. Paul=s subrogation claims.  See Wichita City Lines, Inc.
v. Puckett, 156 Tex. 456, 295 S.W.2d 894, 895, 899-900 (1956).





[6]           In any event, St. Paul=s brief sought relief only regarding the disposition
of the subrogation claims it asserted in its own name, and did not seek any
relief from the judgment entered on the claims asserted and dismissed by the
Council.





[7]           This issue is further compounded in that
St. Paul sued in its own name in the trial court whereas it has sought to
appeal in the name of the Council, a posture in which it: (1) did not appear in
the trial court; (2) presumably could not have so appeared there in that the
Council was itself a party; and (3) suffered no adverse result.





[8]           See Tex. R. App. P. 25.1(f).





[9]           Similarly, although an appellate court may
order substitution of a party on any party's motion at any time, no such motion
was ever filed in this case.  Nor have we found authority suggesting that a
party to a trial court action for whom a notice of appeal was not filed may be
substituted in place of another party to the trial court action for whom such a
notice was filed unless the former has succeeded to rights asserted in the case
by the latter (apart from those asserted by the former), such as by assignment,
or is otherwise affected by the judgment against the latter, such as by an
indemnity obligation.  See Tex.
R. App. P. 7.1(c).