

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00087-CV

_____

DONALD E. FARMER AND MARTHA FARMER, Appellants

V.

CONNIE JEAN BLAZEK CHAPLIN, Appellee

On Appeal from the 40th Judicial District Court
Ellis County, Texas
Trial Court No. 70378

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On July 21, 2005, Donald E. Farmer and Martha Farmer sued Connie Jean Blazek Chaplin, seeking to enforce a deed restriction requiring any house on Chaplin's land, as well as on neighboring land, to have at least "two thousand (2,000) square feet of total area under roof and heat." When the trial court entered its order of April 26, 2007, the parties had stipulated that Chaplin was then "in compliance with the deed restrictions" and that the only issue then before the trial court was the Farmers' attorneys' fees. The Farmers claim that, because Chaplin's house initially violated the minimum-size restrictions and because the Farmers' lawsuit resulted in remedial measures by Chaplin to satisfy the restrictions, the Farmers qualified themselves as the "prevailing party" under Section 5.006 of the Texas Property Code, entitling them to their attorneys' fees.[1] They claim that, because the trial court refused to grant them their attorneys' fees, it erred. We disagree.

Whether attorneys' fees are recoverable under a particular statute is a question of law, which is to be reviewed de novo. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999); *Jakab v. Gran Villa Townhouses Homeowners Ass'n*, 149 S.W.3d 863, 867 (Tex. App.—Dallas 2004, no

[1]It should be noted that the issue presented to us is limited to the recovery of attorneys' fees under Section 5.006(a), not under any other provision such as the Texas Declaratory Judgments Act. Under that Act, a trial court has discretion to award "reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997); *see, e.g.*, *Hawkins v. Walker*, 233 S.W.3d 380, 400–01 (Tex. App.—Fort Worth 2007, pet. denied) (both statutes involved). By contrast, under Section 5.006(a), to which we are restricted, the award of attorneys' fees is mandatory but is limited to specific conditions.

2

pet.). The statute in question is mandatory, yet requires one to qualify as a prevailing party before being awarded attorneys' fees under its provisions:

> In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a *prevailing party* who asserted the action reasonable attorney's fees in addition to the party's costs and claim.

TEX. PROP. CODE ANN. § 5.006(a) (Vernon 2004) (emphasis added). The core issue here is whether the Farmers became the "prevailing party" within the meaning of Section 5.006(a).

The term "prevailing party" is not defined by the statute, but the cases generally[2] treat the entry of a judgment in one's favor as the critical factor in qualifying as a "prevailing party" under Section 5.006(a). *See, e.g., Hawkins*, 233 S.W.3d at 400–01; *Am. Golf Corp. v. Colburn*, 65 S.W.3d 277, 281 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Ostrowski v. Ivanhoe Prop. Owners Improvement Ass'n*, 38 S.W.3d 248, 255 (Tex. App.—Texarkana 2001, pet. denied); *Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 853 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (plaintiff became "prevailing party" by obtaining injunctive relief against defendant); *Gorman v. Countrywood Prop. Owners Ass'n*, 1 S.W.3d 915, 917 (Tex. App.—Beaumont 1999, pet. denied) (plaintiff obtained judgment for delinquent maintenance fees); *Briargrove Park Prop. Owners, Inc. v. Riner*, 867 S.W.2d 58, 61 (Tex. App.—Texarkana 1993, writ

---

[2]The Farmers cite *Bernard v. Glenshire Community Ass'n*, No. B14-90-01133-CV, 1992 Tex. App. LEXIS 192 (Tex. App.—Houston [14th Dist.] Jan. 16, 1992, writ denied) (mem. op.), to support their position that, because their lawsuit resulted in compliance by Chaplin, though not a judgment against her, they should be awarded their attorneys' fees. While *Bernard* does espouse that position, we believe it is contrary to the general rule in that regard and decline to follow it.

3

denied) (judgment for delinquent maintenance fees); *City of Houston v. Muse*, 788 S.W.2d 419, 424 (Tex. App.—Houston [1st Dist.] 1990, no writ) (injunctive relief granted); *Hanchett v. E. Sunnyside Civic League*, 696 S.W.2d 613, 615 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (order required property owner to remove noncompliant house from lot); *Finkelstein v. Southampton Civic Club*, 675 S.W.2d 271, 273 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (injunctive relief); *Inwood N. Homeowners' Ass'n v. Meier*, 625 S.W.2d 742, 743–44 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ) (injunctive relief). The prevailing party is "the party vindicated by the judgment rendered." *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 696–97 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Jakab v. Gran Villa Townhouses Homeowners Ass'n*, 149 S.W.3d 863, 867 (Tex. App.—Dallas 2004, no pet.); *see Dear v. City of Irving*, 902 S.W.2d 731, 739 (Tex. App.—Austin 1995, writ denied). Even if the parties trade victories on various issues raised in the case, they can end up not "prevailing" in the ultimate judgment. *See Air Park-Dallas Zoning Cmty. v. Crow-Billingsley Airpark, Ltd.*, 109 S.W.3d 900, 912 (Tex. App.—Dallas 2003, no pet.).

The language of the statute itself suggests that a "prevailing party" is one who has received judgment on his or her claim. That is seen in the language requiring the award of "reasonable attorney's fees in addition to the party's costs *and claim*." TEX. PROP. CODE ANN § 5.006(a) (emphasis added). That comports with our conclusion.

After our review of the cases, we maintain that one must obtain a judgment in his or her favor to be the "prevailing party" under Section 5.006(a). *See Brooks v. Northglen Ass'n*, 76 S.W.3d 162,

4

176 (Tex. App.—Texarkana 2002), *rev'd in part on other grounds*, 141 S.W.3d 158 (Tex. 2004).

Because the Farmers did not so prevail, their claim for attorneys' fees fails.

      We affirm the judgment of the trial court.


                              Josh R. Morriss, III
                              Chief Justice

Date Submitted:      January 2, 2008
Date Decided:        January 31, 2008