**INDIAN BEACH PROPERTY OWNERS' ASSOCIATION,**
Appellant,

v.

**Mary C. LINDEN and B.J. Linden, Appellees.**

No. 01–05–01116–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 22, 2007.

Rehearing Overruled May 15, 2007.

Michael L. Wilson, Rider & Wilson, Galveston, TX, for Appellant.

J. Michael Fieglein, Law Office of J. Michael Fieglein, Galveston, TX, for Appellees.

Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

## OPINION

JANE BLAND, Justice.

This is a lawsuit over a chain-link fence. Appellant Indian Beach Property Owners' Association ("Indian") appeals a judgment entered in favor of appellees Mary C. Linden ("Linden") and B.J. Linden ("B.J."). In thirty-five issues, Indian challenges the trial court's failure to enter a permanent injunction against Linden and B.J., the legal and factual sufficiency of the evidence supporting the jury's finding that Linden and B.J.'s construction of the chain-link fence was not a wrongful act, the denial of Indian's request for attorney's fees, the propriety of submitting certain jury questions and their form, the legal and factual sufficiency of the evidence to support the jury's findings, the legal basis for the trial court's declaratory judgment, and the legal basis for the trial court's award of attorney's fees to Linden and B.J. We conclude that the trial court erred in entering a declaratory judgment stating that the deed restrictions applicable to Linden's property do not prohibit the use of chain-link fence as a fencing material, and stating that the use of chain-link fence on Linden's property is in harmony with the existing structures in the

Indian Beach subdivision. We therefore modify the trial court's judgment and delete paragraphs one and two. We affirm the remainder of the trial court's judgment.

## Background

Linden owns a lot in the Indian Beach subdivision on Galveston Island that is subject to certain covenants and restrictions contained in the deed. B.J. is Linden's ex-husband. B.J. has no ownership interest in the property at issue in this case, but he helps Linden manage the property and was extensively involved in the sequence of events leading to this litigation. Indian is the entity responsible for enforcing deed restrictions in the Indian Beach subdivision. Paragraph three of the deed restrictions on Linden's property provides as follows:

3. *Architectural Control and Construction Time.* No Building, fence, wall, pier, swimming pool, play ground equipment, outdoor cooking or eating facility of permanent nature or other structure of any kind shall be commenced, erected, or maintained upon any lot in the Subdivision, nor shall any exterior addition or change or alteration of the exterior be made until the plans and specifications showing the nature, kind, shape, height, materials and location of the same shall have been submitted to and approved in writing by the Architectural Control Committee (herein sometimes called "the Committee") composed of three or more representatives from time to time appointed by Developer.... Approval by the Committee shall be granted or withheld based upon [1] compliance with the provisions of this instrument, [2] quality of materials, [3] harmony of external design with the existing and proposed structures, [4] location with respect to topographical and finished grade elevation, and [5] such other relevant considerations as the

Committee may, in the exercise of its sole discretion, determine to be of significance in such determination. Each application made for architectural control approval shall be accompanied by a fee of $150.00 to defray expenses of the Committee and by plans and specifications of all proposed walls, drives, curb cuts, structures, septic tanks, drain fields, and other matters relevant to architectural approval. If the plans and specifications are approved by the Committee, a Certificate of Compliance shall be issued authorizing construction of the proposed improvements in accordance with the plans and specifications so approved. In the event the Committee fails to approve or disapprove the plans within forty-five (45) days after same have been submitted to it, approval will be presumed and this paragraph will be deemed to have been fully complied with.

On February 25, 2004, Linden submitted a formal application to the Architectural Control Committee, hoping to obtain the Committee's approval to construct a chain-link fence around the perimeter of her property. Susan Gonzales, an agent of Indian, called Linden and B.J. on March 15, 2004, and informed them that the Committee had denied Linden's application. B.J. and Linden believed that the Committee had improperly denied the application because Gonzales referenced a setback provision in the deed restrictions that was not applicable to Linden's property as one of the reasons for the denial. Gonzales suggested that Linden reapply and express her contentions to the Committee. Gonzales told B.J. that a letter explaining Linden's position would be a sufficient reapplication. During that discussion, Gonzales emphasized that the Committee had another forty-five days to act on the new application. B.J. submitted Linden's reapplication letter on March 15, 2004 and

Gonzales received it the same day. Indian took no action with regard to Linden's reapplication within the next forty-five days. On May 5, 2004, Linden and B.J. sent a letter to Indian advising it that, according to paragraph three of the deed restrictions, the Architectural Control Committee was presumed to have approved Linden's chain-link fence, and construction of the fence would commence immediately. Linden and B.J. completed construction of the fence before the end of May 2004.

Indian then sued Linden and B.J., asserting that they had violated the deed restrictions by building the fence without the approval of the Architectural Control Committee. Indian sought to permanently enjoin Linden and B.J. from building a chain-link fence on Linden's property, and an order mandating that Linden and B.J. remove the existing fence. Indian also sought its attorney's fees. Linden and B.J. answered, specifically denying that they had violated the deed restrictions. Linden and B.J. also counterclaimed, seeking a declaratory judgment that their construction of the fence was in compliance with the deed restrictions applicable to Linden's property. Linden and B.J. sought attorney's fees as well.

At trial, the issues upon which Linden and B.J. sought declaratory judgment were expanded to include a determination of whether the deed restrictions prohibit chain-link as an allowable fence material, and whether the chain-link fence on Linden's property is in harmony with existing structures in the subdivision. The jury returned a verdict in favor of Linden and B.J., and the trial court entered a judgment on the verdict. Indian appeals.

### Permanent Injunction

In its first, second, and third issues, Indian contends (1) the trial court abused its discretion in failing to grant a perma-

nent injunction in favor of Indian mandating that Linden remove her chain-link fence, (2) the trial court erred in ordering that Indian take nothing, and (3) the trial court erred in finding that the equities in favor of Indian did not outweigh the equities in favor of Linden, and that equitable relief in favor of Indian was not expedient, necessary, or proper.

■ Injunctive relief is appropriate upon a showing of the following elements: (1) the existence of a wrongful act, (2) the existence of imminent harm, (3) the existence of irreparable injury, and (4) the absence of an adequate remedy at law. *Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n,* 25 S.W.3d 845, 849 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). "Because an injunction is an equitable remedy, a trial court weighs the respective conveniences and hardships of the parties and balances the equities." *Computek Computer & Office Supplies, Inc. v. Walton,* 156 S.W.3d 217, 220 (Tex. App.-Dallas 2005, no pet.); *Triantaphyllis v. Gamble,* 93 S.W.3d 398, 401–02 (Tex. App.-Houston [14th Dist.] 2002, pet. denied); *see also State v. Tex. Pet Foods, Inc.,* 591 S.W.2d 800, 803 (Tex.1979) ("The jury does not determine the expediency, necessity, or propriety of equitable relief.... The determination of whether to grant an injunction based upon the ultimate issues of fact found by the jury is for the trial court, exercising chancery powers, and not the jury."). A party must substantially violate a deed restriction before the trial court may issue a permanent injunction. *See Tien Tao Ass'n v. Kingsbridge Park Cmty. Ass'n, Inc.,* 953 S.W.2d 525, 529–30 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

■ We review a trial court's ruling on applications for permanent injunctions for an abuse of discretion. *Operation Rescue–Nat'l v. Planned Parenthood of Hous-*

*ton Se. Tex., Inc.,* 975 S.W.2d 546, 560 (Tex.1998). An abuse of discretion occurs if the trial court (1) acts arbitrarily and unreasonably, without reference to guiding rules or principles, or (2) misapplies the law to the established facts of the case. *Butler v. Arrow Mirror & Glass, Inc.,* 51 S.W.3d 787, 791 (Tex.App.-Houston [1st Dist.] 2001, no pet.). "The trial court does not abuse its discretion when its decision is based on conflicting evidence and some evidence in the record reasonably supports the trial court's decision." *Triantaphyllis,* 93 S.W.3d at 402; *see also Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). A clear abuse of discretion arises only when the trial court's decision is not supported by some evidence of substantial and probative character. *Envoy Med. Sys., L.L.C. v. State,* 108 S.W.3d 333, 335 (Tex.App.-Austin 2003, no pet.). A party seeking an injunction has the burden of showing that a clear equity demands the injunction. *Christensen v. Integrity Ins. Co.,* 719 S.W.2d 161, 163 (Tex.1986); *Bridas Corp. v. Unocal Corp.,* 16 S.W.3d 887, 890 (Tex. App.-Houston [14th Dist.] 2000, pet. dism'd w.o.j.). A party seeking enforcement of a deed restriction always has the burden at trial to demonstrate the enforceability of the restriction. *City of Pasadena v. Gennedy,* 125 S.W.3d 687, 695 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

In this case, the trial court did not abuse its discretion in refusing to grant a permanent injunction in favor of Indian. The jury found that Linden and B.J.'s construction of the fence was not a wrongful act. Indian therefore failed to establish the first element of its claim for injunctive relief. *See Jordan v. Landry's Seafood Rest., Inc.,* 89 S.W.3d 737, 742–43 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) (holding plaintiff failed to show existence of wrongful act); *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n,* 77 S.W.3d 487, 505 (Tex. App.-Texarkana 2002, pet. denied) (holding

trial court abused its discretion in entering injunction because there was no evidence of existence of wrongful act). In addition, the balance of the equities weighs against the imposition of an injunction in this case because the evidence at trial demonstrated that Indian did not take any action with regard to Linden's reapplication within the forty-five days prescribed by the deed restrictions. *See Walton,* 156 S.W.3d at 220; *Triantaphyllis,* 93 S.W.3d at 401–02; *Jim Rutherford,* 25 S.W.3d at 850. Linden complied with the deed restrictions and the application process throughout all stages of this case. According to the deed restrictions, if the Architectural Control Committee fails to approve or disapprove of an application within forty-five days after it is submitted, approval will be presumed. The trial court did not abuse its discretion in declining to award injunctive relief because the record supports an implied finding that Indian's own inaction resulted in the presumed approval of Linden and B.J.'s fence; thus, Indian fails to show that the balance of the equities plainly favors it. *See Jim Rutherford,* 25 S.W.3d at 850 (holding balance of equities favored imposition of injunction); *Universal Health Servs., Inc. v. Thompson,* 24 S.W.3d 570, 579 (Tex.App.-Austin 2000, no pet.) (holding balance of equities favored imposition of injunction). We overrule Indian's first, second, and third issues.

### Wrongful Act

In its fourth and sixth issues, Indian contends (4) the evidence is legally insufficient to support the jury's finding that Linden and B.J.'s construction of the fence was not a wrongful act, and (6) Indian conclusively established that Linden and B.J.'s construction of the fence was a wrongful act.

In a legal sufficiency challenge by a party with the burden of proof at trial, we

first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989). If there is no evidence to support the finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* Only if the contrary proposition is established as a matter of law will we sustain the issue. *Id.*

■ The evidence is legally sufficient to support the jury's finding that Linden and B.J.'s construction of the fence was not a wrongful act. B.J. testified that Gonzales told him that Linden could resubmit her application to build a chain-link fence by sending a letter to the Architectural Control Committee. Gonzales also stated that the Committee would have another forty-five days to grant or deny the application. B.J. faxed Linden's reapplication letter to Gonzales and the Architectural Control Committee on March 15, 2004. The Committee took no action on the letter within the next forty-five days. Paragraph three of the deed restrictions provides that, "[i]n the event the Committee fails to approve or disapprove the plans within forty-five (45) days after same have been submitted to it, approval will be presumed and this paragraph will be deemed to have been fully complied with." This evidence supports the jury's finding that Linden and B.J.'s construction of the fence was not a wrongful act. Indian has therefore failed to establish that Linden and B.J.'s construction of the fence was a wrongful act as a matter of law. *See Sterner,* 767 S.W.2d at 690; *Gennedy,* 125 S.W.3d at 697 (holding that evidence was sufficient to conclusively establish that deed restriction was applicable); *Jim Rutherford,* 25 S.W.3d at 849–50 (holding that plaintiff conclusively proved existence of deed restriction and defendant's violation of restriction). We overrule Indian's fourth and sixth issues.

## Substantive Law

■ In its fifth issue, Indian contends that the jury's finding on question one of the jury charge conclusively established that Linden and B.J. had violated the substantive law, entitling Indian to an injunction. *See Jim Rutherford,* 25 S.W.3d at 848 ("However, where the facts conclusively show that a party is violating the substantive law, the trial court should enjoin the violation, and in such case, there is no discretion to be exercised."); *see also City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005) ("Judgment without or against a jury verdict is proper at any course of the proceedings only when the law does not allow reasonable jurors to decide otherwise."). In question one, the jury found that Linden and B.J. had constructed the fence without the written approval of the Architectural Control Committee.

The deed restrictions expressly state that, "[i]n the event the Committee fails to approve or disapprove the plans within forty-five (45) days after same have been submitted to it, approval will be presumed and this paragraph will be deemed to have been fully complied with." This provision explains the jury's answer to question two, in which the jury found that Linden and B.J. did not wrongfully construct the fence. As discussed above, the evidence is legally sufficient to support a finding that the written approval of the Committee was unnecessary under the facts of this case because Linden resubmitted her application for the construction of the chain-link fence when B.J. faxed Gonzales the March 15 letter. The Committee then took no action with regard to the reapplication letter within the forty-five day period prescribed by the deed restrictions. Linden and B.J. therefore did not violate the deed restrictions or any other substantive law when they built the fence without the written approval of the Architectural Control

Committee. We overrule Indian's fifth issue.

### Legal and Factual Sufficiency

In its twenty-second, twenty-third, and twenty-eighth issues, Indian challenges the legal and factual sufficiency of the evidence supporting the jury's finding in question five that Linden and B.J. did not violate the applicable deed restrictions in constructing the fence on Linden's property.

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827. In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* So long as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the fact-finder. *Id.* at 822. The trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819. Although we consider the evidence in the light most favorable to the challenged findings, indulging every reasonable inference that supports them, we may not disregard evidence that allows only one inference. *Id.* at 822.

In reviewing a factual sufficiency point, we consider all the evidence supporting and contradicting the finding. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989); *HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 111 (Tex.App.-Houston [1st Dist.] 2005, no pet.). We set aside the verdict only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Jurors are the sole judges of the credibility of the witnesses and the weight to give

their testimony. *City of Keller*, 168 S.W.3d at 819. They may choose to believe one witness and disbelieve another. *Id.*

Paragraph three of the deed restrictions begins by stating:

No Building, fence, wall, pier, swimming pool, play ground equipment, outdoor cooking or eating facility of permanent nature or other structure of any kind shall be commenced, erected, or maintained upon any lot in the Subdivision, nor shall any exterior addition or change or alteration of the exterior be made until the plans and specifications showing the nature, kind, shape, height, materials and location of the same shall have been submitted to and approved in writing by the Architectural Control Committee . . . .

In February 2004, Linden submitted her formal application to the Architectural Control Committee to obtain the Committee's approval to construct a chain-link fence. Gonzales called Linden and B.J. on March 15, 2004, and informed them that the Committee had denied Linden's application. B.J. and Linden believed that the Committee had improperly denied the application because Gonzales referenced a setback provision in the deed restrictions that was not applicable to Linden's property as one of the reasons for the denial. B.J. testified that Gonzales told him that Linden could resubmit her application to build a chain-link fence by sending a letter to the Architectural Control Committee. B.J. also testified that Gonzales stated that the Committee would have another forty-five days to grant or deny the application. B.J. faxed Linden's reapplication letter to Gonzales and the Architectural Control Committee on March 15, 2004. Gonzales testified that the letter did not constitute a reapplication and it was not regarded as such by herself or the Committee. The

Committee took no action with regard to the letter within the next forty-five days. Paragraph three of the deed restrictions provides that, "[i]n the event the Committee fails to approve or disapprove the plans within forty-five (45) days after same have been submitted to it, approval will be presumed and this paragraph will be deemed to have been fully complied with."

We hold that this evidence "would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827. The evidence is therefore legally sufficient to support the jury's finding that Linden and B.J.'s construction of the fence did not violate any applicable deed restrictions on Linden's property. *See Gennedy*, 125 S.W.3d at 700 (holding evidence was legally insufficient to support finding that deed restrictions had been amended); *Jim Rutherford*, 25 S.W.3d at 849–50 (holding plaintiff conclusively proved existence of deed restriction and defendant's violation of restriction).

Considering all the evidence supporting and contradicting the finding, we cannot say the jury's finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176. We therefore hold that the evidence is factually sufficient to support the jury's finding that Linden and B.J.'s construction of the fence did not violate any applicable deed restrictions on Linden's property. *See Tien Tao*, 953 S.W.2d at 529–31 (holding evidence was factually sufficient to support finding that defendant violated deed restrictions); *Guajardo v. Neece*, 758 S.W.2d 696, 698–99 (Tex.App.-Fort Worth 1988, no writ) (holding evidence was sufficient to support finding that defendant violated deed restrictions). We overrule Indian's twenty-second, twenty-third, and twenty-eighth issues.

## Factual Sufficiency

In its seventh issue, Indian contends the evidence is factually insufficient to support the jury's finding that Linden and B.J.'s construction of the fence was not a wrongful act.

Paragraph three of the deed restrictions begins by stating:

No Building, fence, wall, pier, swimming pool, play ground equipment, outdoor cooking or eating facility of permanent nature or other structure of any kind shall be commenced, erected, or maintained upon any lot in the Subdivision, nor shall any exterior addition or change or alteration of the exterior be made until the plans and specifications showing the nature, kind, shape, height, materials and location of the same shall have been submitted to and approved in writing by the Architectural Control Committee. . . .

In February 2004, Linden submitted her formal application to the Architectural Control Committee to obtain the Committee's approval to construct a chain-link fence. Gonzales called Linden and B.J. on March 15, 2004, and informed them that the Committee had denied Linden's application. B.J. and Linden believed that the Committee had improperly denied the application because Gonzales referenced a setback provision in the deed restrictions that was not applicable to Linden's property as one of the reasons for the denial. B.J. testified that Gonzales told him that Linden could resubmit her application to build a chain-link fence by sending a letter to the Architectural Control Committee. B.J. also testified that Gonzales stated that the Committee would have another forty-five days to grant or deny the application. B.J. faxed Linden's reapplication letter to Gonzales and the Architectural Control Committee on March 15, 2004. Gonzales testified that the letter did not constitute a

reapplication and it was not regarded as such by herself or the Committee. The Committee took no action with regard to the letter within the next forty-five days. Paragraph three of the deed restrictions provides that, "[i]n the event the Committee fails to approve or disapprove the plans within forty-five (45) days after same have been submitted to it, approval will be presumed and this paragraph will be deemed to have been fully complied with."

Considering all the evidence supporting and contradicting the finding, we hold that the evidence is factually sufficient to support the jury's finding that Linden and B.J.'s construction of the fence was not a wrongful act. *See Tien Tao,* 953 S.W.2d at 529–31 (holding evidence was factually sufficient to support finding that defendant violated deed restrictions); *Guajardo,* 758 S.W.2d at 698–99 (holding evidence was sufficient to support finding that defendant violated deed restrictions). We overrule Indian's seventh issue.

### Conflict in Jury Answers

In its eighth issue, Indian contends the jury's findings on questions one and two are in conflict. In question one, the jury found that Linden and B.J. constructed the fence without the written approval of the Architectural Control Committee. In question two, the jury found that Linden and B.J. did not wrongfully construct the fence.

■ When determining whether jury findings irreconcilably conflict, we apply a de novo standard of review. *See Bender v. S. Pac. Transp. Co.,* 600 S.W.2d 257, 260 (Tex.1980). In reviewing the jury findings for conflict, the threshold question is whether the findings address the same material fact. *Id.* The court may not strike down jury answers on the ground of conflict if there is any reasonable basis upon which they can be reconciled. *Id.* The court must reconcile apparent conflicts in the jury's findings, if reasonably possible, in light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole. *Id.* The court does not determine whether the findings may reasonably be viewed as conflicting; to the contrary, the question is whether there is any reasonable basis upon which the findings may be reconciled. *Id.* If, however, "one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict." *Little Rock Furniture Mfg. Co. v. Dunn,* 148 Tex. 197, 206, 222 S.W.2d 985, 991 (1949). If we determine that a fatal conflict exists, we must remand to the trial court for a new trial. *See Cotton Belt R.R. v. Hendricks,* 768 S.W.2d 865, 870 (Tex.App.-Texarkana 1989, no writ) (citing *Ins. Co. of N. Am. v. Brown,* 394 S.W.2d 787, 789 (Tex. 1965)).

■ Here, the jury findings in questions one and two do not address the same material facts. Indian presumes the only way Linden and B.J. could have complied with the deed restrictions in constructing the fence was to receive written approval from the Architectural Control Committee. The deed restrictions, however, allow for the presumed approval of the Architectural Control Committee without an express written approval. We hold that because jury questions one and two addressed different material facts, there is no conflict in the answers. *See Jabri v. Alsayyed,* 145 S.W.3d 660, 668 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (holding jury findings did not address same material fact); *Crescendo Invs., Inc. v. Brice,* 61 S.W.3d 465, 477 (Tex.App.-San Antonio 2001, pet. denied) (same); *Newsom v. Whittington,* 953 S.W.2d 410, 416 (Tex.App.-Texarkana 1997, pet. denied) (same); *Mercedes–Benz of N. Am., Inc. v. Dickenson,* 720 S.W.2d

844, 856–57 (Tex.App.-Fort Worth 1986, no writ) (same). Accordingly, we overrule Indian's eighth issue.

In its twenty-fourth issue, Indian contends the jury's findings in questions one and five are in conflict. In question one, the jury found that Linden and B.J. constructed the fence without the written approval of the Architectural Control Committee. In question five, the jury found that Linden and B.J. did not violate the deed restrictions applicable to Linden's property when they constructed the fence.

The jury findings in questions one and five do not address the same material facts. Again, we note that the forty-five day default provision of the deed restrictions allows for the presumed approval of the Architectural Control Committee. Therefore, the question one finding that Linden and B.J. constructed the fence without the written approval of the Architectural Control Committee addresses a different material fact than the question five finding that Linden and B.J. did not violate the applicable deed restrictions in constructing the fence. We hold that because jury questions one and five addressed different material facts, there is no conflict in the answers. *See Jabri,* 145 S.W.3d at 668; *Brice,* 61 S.W.3d at 477; *Newsom,* 953 S.W.2d at 416; *Dickenson,* 720 S.W.2d at 856–57. Accordingly, we overrule Indian's twenty-fourth issue.

### Forty–Five Day Default Provision

In its ninth, tenth, and eleventh issues, Indian contends (9) the trial court erred in making the implied finding that Linden's March 15 letter was a reapplication for approval of a chain-link fence, (10) the trial court erred in making the implied finding that a second forty-five day default period commenced as a result of Linden's March 15 letter, and (11) the trial court erred in making the implied finding that Indian's failure to deny Linden's reapplication within the second forty-five day default period constituted an approval.

At trial, Indian had the burden to show that it was entitled to an injunction because Linden and B.J.'s construction of the fence was a wrongful act. As we determined above, however, the evidence is legally and factually sufficient to support the jury's finding that Linden and B.J.'s construction of the fence was not a wrongful act. In making this determination, the jury necessarily found that Linden's March 15 letter constituted a reapplication for approval of a chain-link fence, a second forty-five day period commenced as a result of the March 15 letter, and Indian's failure to deny Linden's reapplication within the forty-five day period constituted an approval. The trial court therefore did not err with respect to any implied or "deemed" findings on these issues. *See* Tex.R. Civ. P. 279 (elements omitted from jury charge are deemed found by trial court in support of judgment when supported by evidence); *see also Don's Ambulance Serv., Inc. v. City of San Antonio,* 526 S.W.2d 547, 551 (Tex.Civ.App.-San Antonio 1975, writ ref'd n.r.e.) (holding there can be no deemed finding by trial court if jury has already made finding on issue). Accordingly, we overrule Indian's ninth, tenth, and eleventh issues.

### Indian's Attorney's Fees

 In its twelfth issue, Indian contends the trial court erred in failing to award it attorney's fees. Section 5.006(a) of the Texas Property Code states, "[i]n an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim." Tex. Prop.Code Ann. § 5.006(a) (Vernon 2004). A prevailing party is the party to a suit that either successfully

prosecutes the action or defends against it, prevailing on the main issue. *Jakab v. Gran Villa Townhouses Homeowners Ass'n, Inc.,* 149 S.W.3d 863, 867 (Tex.App.-Dallas 2004, no pet.); *FDIC v. Graham,* 882 S.W.2d 890, 900 (Tex.App.-Houston [14th Dist.] 1994, no writ). "Simply stated, the prevailing party is the party vindicated by the judgment rendered." *Jakab,* 149 S.W.3d at 867; *Dear v. City of Irving,* 902 S.W.2d 731, 739 (Tex.App.-Austin 1995, writ denied).

■■■ The trial court properly denied Indian's request for attorney's fees because Indian was not the prevailing party in this case. Indian is therefore not entitled to attorney's fees under section 5.006(a). *See Anderson v. New Prop. Owners' Ass'n of Newport, Inc.,* 122 S.W.3d 378, 390 (Tex.App.-Texarkana 2003, pet. denied); *Pebble Beach Prop. Owners' Ass' n v. Sherer,* 2 S.W.3d 283, 291–92 (Tex.App.-San Antonio 1999, pet. denied); *Meyerland Cmty. Improvement Ass'n v. Belilove,* 624 S.W.2d 620, 620–21 (Tex.App.-Houston [14th Dist.] 1981, writ ref'd n.r.e.). We overrule Indian's twelfth issue.

### Jurisdiction

In its thirtieth issue, Indian contends, "the trial court abused its discretion in granting a declaratory judgment because it lacked the required jurisdiction, since all other owners in Indian Beach Section 1 were not joined as necessary parties."

■■■ The Declaratory Judgments Act states:

A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and ob-

tain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1997). "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding." *Id.* § 37.006(a) (Vernon 1997). The general rule is that "some of the owners of property in a restricted subdivision may not release or modify applicable deed restrictions without the concurrence of others who own property in the subdivision." *Smith v. Williams,* 422 S.W.2d 168, 172 (Tex.1967); *April Sound Mgmt. Corp. v. Concerned Prop. Owners for April Sound, Inc.,* 153 S.W.3d 519, 525 (Tex.App.-Amarillo 2004, no pet.).

Texas Rule of Civil Procedure 39 governs joinder of persons under the Declaratory Judgments Act, and like the Declaratory Judgments Act, "mandates joinder of persons whose interests would be affected by the judgment." *Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 162 (Tex.2004); *see also* TEX.R. CIV. P. 39; TEX. CIV. PRAC. REM.CODE ANN. 37.006. "Rule 39 determines whether a trial court has authority to proceed without joining a person whose presence in the litigation is made mandatory by the Declaratory Judgment[s] Act." *Brooks,* 141 S.W.3d at 162. Rule 39(a) provides:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Tex.R. Civ. P. 39(a).

In *Wilchester West Concerned Homeowners LDEF, Inc. v. Wilchester West Fund, Inc.*, this court held that the failure to join all property owners affected by a restrictive covenant in a declaratory judgment action did not deprive the trial court of jurisdiction to enter the declaratory judgment. 177 S.W.3d 552, 559–60 (Tex. App.-Houston [1st Dist.] 2005, pet. denied). We based our holding on *Brooks v. Northglen Association* and *Simpson v. Afton Oaks Civic Club, Inc.*, two similar cases decided by the Texas Supreme Court in 2004. *Id.; see also Simpson v. Afton Oaks Civic Club, Inc.*, 145 S.W.3d 169, 170 (Tex. 2004); *Brooks*, 141 S.W.3d at 162–63. In *Wilchester*, we reasoned that while Rule 39(a)(1) requires the presence of all persons who have an interest in the litigation so that any relief awarded will effectively and completely adjudicate the dispute, nothing prevented the trial court from rendering complete relief between the parties to the suit. 177 S.W.3d at 559–60. We also noted that a declaratory judgment does not prejudice the rights of any person that is not a party to the proceeding, and any non-joined homeowner would be able to pursue individual claims challenging the associations' authority to take the disputed actions, notwithstanding a ruling in the case. *Id.* at 560; *see also* Tex. Civ. Prac. Rem.Code Ann. 37.006(a) ("A declaration does not prejudice the rights of a person not a party to the proceeding."). We recognized that the club and the homeowners' associations might be subject to the possibility of inconsistent judgments since not all of the homeowners in the subdivision were joined in the lawsuit. *Wilchester,* 177 S.W.3d at 560. As in *Brooks v. Northglen Association,* however, the homeowners' associations could have sought relief at trial by urging the court, among other things, to abate the case, join absent homeowners, or grant special exceptions. *Id.* We ultimately held that the failure to join all property owners affected by the restrictive covenant did not deprive the trial court of jurisdiction to enter the declaratory judgment. *Id.*

■ In accordance with *Wilchester,* we hold that the failure to join the other property owners affected by the restrictive covenants in this lawsuit did not deprive the trial court of jurisdiction to enter the declaratory judgment. *See Cooper v. Tex. Gulf Indus., Inc.,* 513 S.W.2d 200, 204 (Tex.1974) (stating that "it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction"). Here, nothing prevented the trial court from rendering complete relief between Linden, B.J., and Indian, and because a declaratory judgment does not prejudice the rights of any person not a party to the proceeding, any non-joined homeowner will be able to pursue individual claims notwithstanding the ruling in this case. *See* Tex. Civ. Prac. Rem.Code Ann. 37.006(a); Tex.R. Civ. P. 39(a)(1). In addition, just as in *Brooks* and *Wilchester,* the possibility that Indian might be subject to inconsistent judgments was caused by its own inaction in failing to urge the trial court to abate the case, join absent homeowners, or grant special exceptions. *See Brooks,* 141 S.W.3d at 163; *Wilchester,* 177 S.W.3d at 560. We hold that the trial court had jurisdiction to enter the declaratory judgment in this case and we overrule Indian's thirtieth issue.

## Declaratory Judgment

### Factual Disputes

In its twenty-ninth issue, Indian contends the trial court "abused its discretion in granting a declaratory judgment because there is no proper legal basis for it."

 Under the Declaratory Judgments Act, "[a] court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." TEX. CIV. PRAC. & REM.CODE ANN. § 37.003(a) (Vernon 1997). The purpose of the Declaratory Judgments Act is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and the Act is to be liberally construed and administered. *Id.* 37.002(b) (Vernon 1997).

A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

*Id.* § 37.004(a) (Vernon 1997). "If a proceeding under [the Declaratory Judgments Act] involves the determination of an issue of fact, the issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." *Id.* § 37.007 (Vernon 1997). The power to determine an issue of fact, however, "does not concomitantly carry with it the power to render such a finding of fact as a declaratory judgment." *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 140 (Tex.App.-El Paso 1997, pet. denied). If a factual dispute is the only issue to be resolved, a declaratory judgment is not the proper remedy. *Querencia Props. v. New Querencia Capital Partners, L.L.C.*, No. 05–05–01029–CV, 224 S.W.3d 348, 351, 2006 WL 2423589, at *4 (Tex.App.-Dallas Aug. 23, 2006, no pet.); *Hill*, 964 S.W.2d at 140; *Emmco Ins. Co. v. Burrows*, 419 S.W.2d 665, 671 (Tex.Civ.App.-Tyler 1967, no writ).

The jury charge in this case asked three questions pertaining to the trial court's declaratory judgment. Question four asked whether "the deed restrictions applicable to [Linden's] lot contained a restriction concerning the use of chain link fencing as a fence material." The jury answered this question negatively. Question five asked whether Linden and B.J. violated the applicable deed restrictions in constructing the fence on Linden's property. The jury also answered this question negatively. Question six asked whether the use of chain-link fencing by Linden and B.J. was in harmony with the existing structures in the subdivision. At trial, Linden and B.J. had produced evidence of other chain-link fences in the Indian Beach subdivision. The jury answered this question positively. The trial court then incorporated these factual findings into its judgment, which provides:

(1) the deed restrictions applicable to Lot 74, Block 3, Section 1 of Indian Beach, a subdivision in Galveston, Galveston County, Texas, filed of record in the deed of Trust records of the Public Records of Real Property of the County Clerk of Galveston County, Texas, at Book 3406, Page 838, do not prohibit the use of chain link as a fence material in the subdivision;

(2) the use of chain link fence on Lot 74, Block 3, Section 1 of Indian Beach, a subdivision in Galveston, Galveston County, Texas, filed of record in the deed of Trust records of the Public Records of Real Property of the County Clerk of Galveston County, Texas, at

Book 3406, Page 838, is in harmony with existing structures in the subdivision; [The trial court deleted paragraph 3] (4) Defendants, MARY C. LINDEN and B.J. LINDEN, are in compliance with the deed restrictions applicable to Lot 74, Block 3, Section 1 of Indian Beach, a subdivision in Galveston, Galveston County, Texas, filed of record in the Deed of Trust records of the Public Records of Real Property of the County Clerk of Galveston County, Texas, at Book 3406, Page 838, concerning their construction of a chain link fence on said lot.

We hold that whether the deed restrictions applicable to Linden's property prohibit the use of chain-link fence as a fencing material, and whether chain-link fence is in harmony with the existing structures in the Indian Beach subdivision, are both purely factual disputes that the trial court should not have resolved with a declaratory judgment. *See Hill,* 964 S.W.2d at 140 (holding that whether party breached contract was purely factual dispute and declaratory judgment was not proper); *Emmco,* 419 S.W.2d at 671 (holding that whether defendants acted in consort so as to suspend interest payments was purely factual dispute and declaratory judgment was not proper); *Lincoln v. Harvey,* 191 S.W.2d 764, 766 (Tex.Civ. App.-Dallas 1945, no writ) (holding that whether rental contracts were on month-to-month basis or for duration of war was purely factual dispute and declaratory judgment was not proper). The trial court's declaratory judgment simply repeats the factual findings of the jury and does not "declare rights, status, [or] other legal relations," as required by the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.003(a). A declaratory judgment was therefore an improper remedy with regard to these two factual disputes, and we sustain this portion of Indian's twenty-ninth issue. We modify

the trial court's judgment by deleting paragraphs one and two. Accordingly, we need not address Indian's thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twenty-fifth, and twenty-sixth issues as they also challenge paragraphs one and two of the trial court's judgment and the jury findings supporting these paragraphs.

In contrast, we hold that the trial court's declaratory judgment that Linden and B.J.'s construction of the fence was in compliance with the deed restrictions applicable to Linden's property is not purely a factual dispute. The judgment declares Linden and B.J.'s "status" with regard to the fence and the deed restrictions on Linden's property. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.003(a). A declaratory judgment was therefore a proper remedy to resolve this dispute. *See Querencia,* 224 S.W.3d at 351, 2006 WL 2423589, at *4 (holding that whether party was entitled to return of its earnest money under contract was not purely factual dispute and declaratory judgment was proper); *In re A.C.B.,* 103 S.W.3d 570, 574–75 (Tex.App.-San Antonio 2003, no pet.) (holding that whether party was in arrears on child support obligation was not purely factual dispute and declaratory judgment was proper); *Hext v. Price,* 847 S.W.2d 408, 416 (Tex.App.-Amarillo 1993, no writ) (holding that controversy concerning rights under instruments underlying litigation was not purely factual dispute and declaratory judgment was proper); *Chapman v. Marathon Mfg. Co.,* 590 S.W.2d 549, 552 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ) (holding that whether party was justified in terminating contract was not purely factual dispute and declaratory judgment was proper). We overrule this portion of Indian's twenty-ninth issue.

*Declaratory Judgment*

With regard to its twenty-ninth issue, Indian further contends that the trial court

abused its discretion in entering a declaratory judgment that Linden and B.J.'s construction of the fence was in compliance with the deed restrictions applicable to Linden's property because whether Linden and B.J. complied with the deed restrictions was decided in Indian's claim for injunctive relief.

"The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990); *see also* Tex.R. Civ. P. 162. The assertion of a counterclaim in the form of a declaratory judgment does not relieve a party of its burden to comply with the requirement that it assert a claim for affirmative relief. *Id.* at 841 n. 8. " 'To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.' " *Gen. Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990) (quoting *Weaver v. Jock,* 717 S.W.2d 654, 657 (Tex.App.-Waco 1986, writ ref'd n.r.e.)). Thus, under Texas Rule of Civil Procedure 162, if a defendant does nothing more than resist the plaintiff's right to recover, the plaintiff has an absolute right to a non-suit. *Millard,* 800 S.W.2d at 841. "The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of this right." *Id.* The Declaratory Judgments Act is not available to settle disputes already pending before a court. *Id.* In certain instances, however, a defensive declaratory judgment may present issues beyond those raised by the plaintiff. *Id.*

In *BHP Petroleum Co. v. Millard,* the plaintiff sued the defendant for breach of the "take-or-pay" obligations of a gas purchase contract. *Id.* at 842. The defendant counterclaimed, seeking a declaratory judgment "[t]hat events have occurred which constitute force majeure, as the parties agreed to define the term, or other causes not reasonably within the control of ANR and its customers, *which have affected and will continue for the foreseeable future to affect ANR's takes of natural gas under the Contracts* ...." *Id.* (alterations in original). The court held that because the gas purchase contract was an ongoing and continuing relationship, the defendant's counterclaim for a declaratory judgment was a cause of action on which the defendant could recover benefits, compensation, or relief if the plaintiff abandoned or failed to establish its causes of action. *Id.* The defendant's counterclaim sought an interpretation of the gas purchase contract, which would have the effect of defining the obligations of the parties under that contract in the future. *Id.*

In *Newman Oil Co. v. Alkek,* the plaintiffs sued the defendants for fraudulent representations, breach of contract, and violations of the Deceptive Trade Practices Act. 614 S.W.2d 653, 653 (Tex.Civ.App.-Corpus Christi 1981, writ ref'd n.r.e.). The defendants counterclaimed for declaratory relief and moved for summary judgment on the basis that they had not committed fraud, engaged in common law tort or deceptive trade practices, breached any contracts with the plaintiffs, and were not liable under the DTPA. *Id.* at 654–55. Even though the defendants framed the counterclaim in the form of a request for declaratory relief, the court of appeals held that the allegations pleaded in the defendants' counterclaims were not averments of fact upon which affirmative relief could be granted. *Id.* at 655. The defendants' counterclaims were merely denials of the plaintiffs' causes of action. *Id.*

Similarly, in *John Chezik Buick Co. v. Friendly Chevrolet Co.,* the court found that the defendant had improperly brought a declaratory judgment counterclaim because the issue raised by the defendant—that no agency relationship existed—was already before the court as part of the plaintiff's case. 749 S.W.2d 591, 594 (Tex. App.-Dallas 1988, writ denied).

■ In this case, Indian's first amended original petition seeks injunctive relief, alleging that Linden and B.J.'s construction of the fence was in violation of the deed restrictions on Linden's property. Linden and B.J.'s counterclaim for declaratory relief sought an "[o]rder declaring them to be in compliance with the contractual deed restrictions regarding the construction of their fence." The trial court's judgment states:

> (4) Defendants, MARY C. LINDEN and B.J. LINDEN, are in compliance with the deed restrictions applicable to Lot 74, Block 3, Section 1 of Indian Beach, a subdivision in Galveston, Galveston County, Texas, filed of record in the Deed of Trust records of the Public Records of Real Property of the County Clerk of Galveston County, Texas, at Book 3406, Page 838, concerning their construction of a chain link fence on said lot.

Although Linden and B.J.'s counterclaim appears to be nothing more than a denial of Indian's cause of action, because it involves the interpretation of deed restrictions, Linden and B.J. have stated a cause of action on which they could recover benefits, compensation, or relief if Indian abandoned or failed to establish its cause of action. *See Millard,* 800 S.W.2d at 842; *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 37.003(a) ("A court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."). The deed restrictions on Linden's property involve an ongoing and continuous relationship with Indian. *See Millard,* 800 S.W.2d at 842. Linden and B.J.'s counterclaim sought an interpretation of the deed restrictions, which would have the effect of defining the obligations of Linden, B.J., and Indian under those restrictions in the future. *See id.* Linden and B.J.'s counterclaim therefore stated a claim for affirmative relief and was the proper subject of a declaratory judgment. *Compare id.* (holding that defendant's counterclaim was claim for affirmative relief and declaratory judgment was proper), *and Georgiades v. Di Ferrante,* 871 S.W.2d 878, 880–81 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (same), *with Nat'l Enter., Inc. v. E.N.E. Props.,* 167 S.W.3d 39, 43–44 (Tex.App.-Waco 2005, no pet.) (holding that defendant's counterclaim was not claim for affirmative relief and declaratory judgment was improper), *Anderson,* 122 S.W.3d at 391 (same), *Howell v. Mauzy,* 899 S.W.2d 690, 706–07 (Tex. App.-Austin 1994, writ denied) (same), *and HECI Exploration Co. v. Clajon Gas Co.,* 843 S.W.2d 622, 639 (Tex.App.-Austin 1992, writ denied) (same). We overrule this portion of Indian's twenty-ninth issue.

### Comment on the Evidence

In its sixteenth, twenty-first, and twenty-seventh issues, Indian contends the trial court (16) erred in submitting question number four to the jury because it is an improper comment on the weight of the evidence, it does not give proper guidance, and it is confusing and misleading, (21) erred in submitting question five to the jury because it does not give proper guidance, and (27) erred in submitting question six to the jury because it is an improper comment on the weight of the evidence, it does not give proper guidance, and it is confusing and misleading. Questions four, five, and six formed the basis of the declar-

atory judgment in this case, and the trial court phrased the questions as follows:

QUESTION 4

Do you find that the deed restrictions applicable to Defendants' lot contained a restriction concerning the use of chain link fencing as a fence material?

QUESTION 5

Do you find that Defendants' [sic] violated the applicable deed restrictions in constructing the fence on their lot?

QUESTION 6

Do you find that the use of chain link fencing by Defendants' [sic] was in harmony with existing structures in the subdivision?

*Improper Comment*

▇▇▇▇ An appellate court reviews allegations of error in the jury charge under an abuse of discretion standard. TEX.R. CIV. P. 277; *Howell Crude Oil Co. v. Donna Refinery Partners*, 928 S.W.2d 100, 110 (Tex.App.-Houston [14th Dist.] 1996, writ denied) (holding trial court has wide discretion in submitting jury questions as well as instructions and definitions); *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 54 (Tex.App.-Dallas 1995, writ denied). Texas Rule of Civil Procedure 277 provides:

> The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of their answers when it is properly a part of an instruction or definition.

TEX.R. CIV. P. 277. "To be a direct comment on the weight of the evidence, the issue submitted must suggest to the jury the trial court's opinion on the matter." *H.E. Butt Grocery Co. v. Bilotto*, 985 S.W.2d 22, 24 (Tex.1998); *Southmark*

*Mgmt. Corp. v. Vick*, 692 S.W.2d 157, 160 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). Furthermore, to warrant reversal, a comment on the weight of the evidence must be one that probably caused the rendition of an improper judgment. TEX.R.APP. P. 44.1(a)(1).

▇▇▇▇ Questions four, five, and six do not constitute comments on the weight of the evidence because they do not suggest the trial court's opinions on these matters to the jury. *See Bilotto*, 985 S.W.2d at 24; *Williams v. Viswanathan*, 64 S.W.3d 624, 630 (Tex.App.-Amarillo 2001, no pet.); *Vick*, 692 S.W.2d at 160. Each question is worded in a simple manner and asks the jury to decide a unique factual dispute. In addition, Indian has failed to demonstrate that the wording of these questions probably caused the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a)(1).

*Misleading and Confusing*

▇▇▇▇ "Generally, error in the submission of an issue is harmless when the findings of the jury in answers to other issues are sufficient to support the judgment." *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 750 (Tex.1980). An exception exists, however, when the erroneously submitted issue confuses or misleads the jury. *Id.* Whether a party suffers harm may be considered in light of the charge as a whole. *Id.*

▇▇▇▇ Indian bases its contentions on the improper assumption that the only way Linden and B.J. could have complied with the deed restrictions on Linden's property was to obtain the written approval of the Architectural Control Committee before building the fence. Indian then contends that questions four and six mislead the jury because they suggest that the word "chain-link" must appear in the deed restrictions before the use of chain-link fencing can be prohibited, and they suggest

that the "harmony" factor is the only relevant factor the Architectural Control Committee considers when deciding whether to approve a fencing material. The deed restrictions provide that, "[i]n the event the Committee fails to approve or disapprove the plans within forty-five (45) days after same have been submitted to it, approval will be presumed and this paragraph will be deemed to have been fully complied with." The jury therefore did not have to believe that the deed restrictions must expressly prohibit chain-link fencing, or that the harmony factor is the only factor considered by the Architectural Control Committee, before it could validly find that Linden and B.J. did not violate the applicable deed restrictions in constructing the fence without the written approval of the Committee. Questions four, five, and six are not confusing or misleading. *See Bailey,* 609 S.W.2d at 750; *City of San Antonio v. Rodriguez,* 856 S.W.2d 552, 558 (Tex.App.-San Antonio 1993, writ denied); *Hedley Feedlot, Inc. v. Weatherly Trust,* 855 S.W.2d 826, 842 (Tex.App.-Amarillo 1993, writ denied); *Denman v. Burris,* 815 S.W.2d 793, 796–97 (Tex.App.-El Paso 1991, writ denied).

### Improper Guidance

The Texas Supreme Court has emphasized that it is "fundamental to our system of justice that parties have the right to be judged by a jury properly instructed in the law." *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 388 (Tex.2000). Indian's brief to this court, however, fails to explain the manner in which the trial court failed to give the jury the proper guidance on the law in questions four, five, and six. *See* Tex.R.App. P. 38.1(h). Indian has also failed to demonstrate that the submission of these questions as worded caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1(a)(1). We overrule Indian's sixteenth, twenty-first, and twenty-seventh issues.

### Question of Law

In its twentieth issue, Indian contends the trial court erred in submitting question number five to the jury because it requires the jury to make a legal conclusion about the applicable deed restrictions. Question five asked the jury whether Linden and B.J. violated the applicable deed restrictions in constructing the fence on Linden's property.

An appellate court reviews allegations of error in the jury charge under an abuse of discretion standard. *Howell Crude Oil Co.,* 928 S.W.2d at 110 (explaining that trial court has wide discretion in submitting jury questions as well as instructions and definitions); *Criswell,* 910 S.W.2d at 54. However, "review of a trial court's determination of the legal principles controlling its ruling is much less deferential," since "a trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Consequently, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* Furthermore, a trial court commits error if it submits a question of law to the jury. *See Knutson v. Ripson,* 163 Tex. 312, 314, 354 S.W.2d 575, 576 (1962); *Hudson Buick, Pontiac, GMC Truck Co. v. Gooch,* 7 S.W.3d 191, 195 (Tex.App.-Tyler 1999, pet. denied); *Markert v. Williams,* 874 S.W.2d 353, 356 (Tex.App.-Houston [1st Dist.] 1994, writ denied) ("A jury may not be called upon to construe the legal effect of an instrument."). Absent a showing of extraneous prejudice, however, such error is harmless. *Med. Towers, Ltd. v. St. Luke's Episcopal Hosp.,* 750 S.W.2d 820, 826 (Tex.App.-Houston [14th Dist.] 1988, writ denied). Error in the jury charge is reversible if, viewed in light of all of the circumstances, it amounts to such a denial of the rights of the complaining party as was probably calculated to cause and prob-

ably did cause the rendition of an improper judgment. TEX.R.APP. P. 44.1(a)(1); *Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 480 (Tex.2001). Absent a showing of extraneous prejudice, submission of a question of law to the jury is generally harmless since no harm results if it is answered as the trial court should have answered it, or it can be deemed immaterial and disregarded by the trial court if answered incorrectly. TEX.R.APP. P. 44.1(a)(1); *Spencer v. Eagle Star Ins. Co. of Am.,* 876 S.W.2d 154, 157 (Tex.1994) ("A question which calls for a finding beyond the province of the jury, such as a question of law, may be deemed immaterial."); *Med. Towers,* 750 S.W.2d at 826.

 The construction of an unambiguous deed is a question of law for the court. *J. Hiram Moore, Ltd. v. Greer,* 172 S.W.3d 609, 613 (Tex.2005); *Luckel v. White,* 819 S.W.2d 459, 461 (Tex.1991). An unambiguous deed is one that can be given a definite or certain legal meaning. *Stewart Title Guar. Co. v. Aiello,* 941 S.W.2d 68, 74 (Tex.1997). Where neither party asserts that a deed is ambiguous, its construction is purely a question of law and not of fact. *Templeton v. Dreiss,* 961 S.W.2d 645, 657 n. 14 (Tex.App.-San Antonio 1998, pet. denied). "The inquiry becomes a mixed question of law and fact only where the words contained in the instrument are ambiguous." *Id.* When a deed is unambiguous, whether a party has breached a deed restriction is a question of law for the court and not a question of fact for the jury. *See Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Bank One, Tex., N.A. v. Stewart,* 967 S.W.2d 419, 432 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *Meek v. Bishop Peterson Sharp, P.C.,* 919 S.W.2d 805, 808 (Tex.App.-Houston [14th Dist.] 1996, writ denied).

 Question number five presents a question of law because the deed restric-

tions in this case are unambiguous. *See Aiello,* 941 S.W.2d at 74. The trial court therefore erred in submitting this question to the jury. *See Aguiar,* 167 S.W.3d at 450; *Stewart,* 967 S.W.2d at 432; *Meek,* 919 S.W.2d at 808. In its appellate brief, however, Indian does not address the requirement that extraneous prejudice must be shown to demonstrate that an error in submitting a question of law to the jury is harmful, and, consequently, makes no effort to demonstrate extraneous prejudice. Absent a showing of extraneous prejudice, submission of a question of law to the jury is generally harmless because no harm results if it is answered as the trial court should have answered it, or it can be deemed immaterial and disregarded by the trial court if answered incorrectly. *Med. Towers,* 750 S.W.2d at 826. Because Indian has failed to demonstrate extraneous prejudice stemming from the erroneous submission of question five to the jury, we hold that the trial court's error was harmless. *See* TEX.R.APP. P. 44.1(a)(1). The jury answered question five in the same manner as the trial court should have answered it. We overrule Indian's twentieth issue.

## Attorney's Fees

In its thirty-first, thirty-second, thirty-third, thirty-fourth, and thirty-fifth issues, Indian contends there is no legal basis to support the trial court's award of attorney's fees to Linden and B.J., and that the award of attorney's fees is not equitable and just.

 Generally, attorney's fees are not recoverable in Texas unless allowed by contract or by statute. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992); *London v. London,* 94 S.W.3d 139, 151–52 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (Fowler, J., concurring). Whether attorney's fees are

available under a particular statute is a question of law, which we review de novo. *See Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 94 (Tex.1999); *BASF Fina Petrochems., L.P. v. H.B. Zachry Co.,* 168 S.W.3d 867, 871 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). Consequently, the jury's finding on the amount of reasonable attorney's fees is immaterial to the ultimate legal issue of whether such fees are recoverable. *Holland,* 1 S.W.3d at 94.

■■■■ The Declaratory Judgments Act allows a trial court to award reasonable and necessary attorney's fees as are equitable and just. *See* TEX. CIV. PRAC. REM.CODE ANN. 37.009 (Vernon 1997). The Act "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998). "Unreasonable fees cannot be awarded [under the Act], even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees." *Id.* A party need not prevail to be awarded attorney's fees under the Declaratory Judgments Act. *Gennedy,* 125 S.W.3d at 701; *Hunt v. Baldwin,* 68 S.W.3d 117, 135 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

■■■■ An award of attorney's fees under the Declaratory Judgments Act is reviewed for abuse of discretion. *Bocquet,* 972 S.W.2d at 21. A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 211 (Tex. 2002). To find an abuse of discretion, the trial court must have acted without reference to any guiding rules or principles, such that the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

■■■■ At trial, Linden and B.J. sought and obtained a valid declaratory judgment stating:

> (4) Defendants, MARY C. LINDEN and B.J. LINDEN, are in compliance with the deed restrictions applicable to Lot 74, Block 3, Section 1 of Indian Beach, a subdivision in Galveston, Galveston County, Texas, filed of record in the Deed of Trust records of the Public Records of Real Property of the County Clerk of Galveston County, Texas, at Book 3406, Page 838, concerning their construction of a chain link fence on said lot.

*See* TEX. CIV. PRAC. & REM.CODE Ann. § 37.003(a). We have found no valid grounds in this appeal upon which to reverse this declaratory judgment. The Declaratory Judgments Act therefore provides a valid basis to support the trial court's award of attorney's fees to Linden and B.J. *See id.* 37.009. We also hold that the trial court's award of attorney's fees in this case was equitable and just. The trial court therefore did not abuse its discretion in awarding attorney's fees to Linden and B.J.[1] *Robinson v. Budget*

---

1. Section 5.006(a) of the Texas Property Code states, "[i]n an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim." TEX. PROP.CODE ANN. § 5.006(a) (Vernon 2004). The trial court could not have awarded Linden and B.J. attorney's fees under section 5.006(a) because Linden and B.J. did not assert a claim for breach of a restrictive covenant. *Id.* Only a party who successfully prosecutes a claim alleging breach of a restrictive covenant is entitled to recover attorney's fees under section 5.006(a). *City of Pasadena v. Gennedy,* 125 S.W.3d 687, 701 (Tex.App.-Houston [1st Dist.] 2003, pet. denied); *Anderson v. New Prop. Owners' Ass'n of Newport, Inc.,* 122 S.W.3d 378, 390 (Tex.App.-

*Rent–A–Car Sys., Inc.,* 51 S.W.3d 425, 433 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (affirming denial of attorney's fees under Declaratory Judgments Act); *Tanglewood Homes Ass'n, Inc. v. Henke,* 728 S.W.2d 39, 45 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.) (affirming award of attorney's fees under Declaratory Judgments Act); *Intertex, Inc. v. Cowden,* 728 S.W.2d 813, 819–20 (Tex.App.-Houston [1st Dist.] 1986, no writ) (affirming award of attorney's fees under Declaratory Judgments Act). We overrule Indian's thirty-first, thirty-second, thirty-third, thirty-fourth, and thirty-fifth issues.

## Conclusion

We hold that the trial court did not abuse its discretion in refusing to grant a permanent injunction in favor of Indian, the evidence is legally and factually sufficient to support the jury's finding that Linden and B.J.'s construction of the fence was not a wrongful act, the evidence is legally and factually sufficient to support the jury's finding that Linden and B.J.'s construction of the fence did not violate any applicable deed restrictions on Linden's property, there is no conflict in the jury's answers to the charge questions, the trial court properly denied Indian's request for attorney's fees, the trial court had jurisdiction to enter the declaratory judgment, the trial court's declaratory judgment that Linden and B.J.'s construction of the fence was in compliance with the deed restrictions applicable to Linden's property was proper, charge questions four, five, and six do not constitute comments on the weight of the evidence, nor are they confusing or misleading, and the trial court did not abuse its discretion in awarding attorney's fees to Linden and B.J.

The trial court erred in entering a declaratory judgment stating that the deed restrictions applicable to Linden's property do not prohibit the use of chain-link fence as a fencing material, and stating that the use of chain-link fencing on Linden's property is in harmony with the existing structures in the Indian Beach subdivision.

We therefore modify the trial court's judgment and delete paragraphs one and two. We affirm the remainder of the trial court's judgment.

Texarkana 2003, pet. denied); *Pebble Beach Prop. Owners' Ass'n v. Sherer,* 2 S.W.3d 283, 291–92 (Tex.App.-San Antonio 1999, pet. denied). Because Linden and B.J. were the defending parties, they could not recover attorney's fees under section 5.006(a). *See Gennedy,* 125 S.W.3d at 701; *Anderson,* 122 S.W.3d at 390; *Sherer,* 2 S.W.3d at 291–92.