Opinion issued December 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00456-CV

———————————

Akram Mushtaha, M.D., Appellant

V.

Thornton L.
Kidd, M.D. and Betty L. Kidd, Appellees



 



 

On Appeal from the 11th District Court

Harris County, Texas



Trial Court Case No. 2008-27323A

 



MEMORANDUM OPINION

This is a suit on an alleged contract
for the sale of commercial real estate.  Appellant
Akram Mushtaha sued for breach of contract and specific performance.  Appellees Thornton L. and Betty L. Kidd
countersued for declaratory judgment arguing that they had no valid contract to
sell Mushtaha their property and that the alleged contract violated the statute
of frauds.  The Kidds also sought
attorney’s fees and the removal of a lis pendens.

The trial court granted a summary declaratory judgment in the
Kidds’ favor, removed the lis pendens, and awarded them attorney’s fees.  On appeal, Mushtaha argues that the trial
court erred in doing so because: (1) his summary judgment evidence conclusively
proved—or at least raised a genuine issue of material fact about—each element
required for contract formation (issues 1 and 3); (2) the alleged contract
satisfied the statute of frauds; and (3) the Kidds were not entitled to
attorney’s fees because his lawsuit was not frivolous and their declaratory
judgment action was improper.

Because we conclude that the alleged contract did not satisfy
the statute of frauds and that the Kidds’ countersuit was not improper, we
affirm the trial court’s judgment.

I.                 
Background

          Thornton and Betty Kidd owned a
commercial office building in Pasadena. In 2007, they entered into a standard
listing agreement with Alix Fox of Qualified Properties, but they did not sell
the property.  In 2008, the Kidds again
contacted Fox in a second attempt to sell the property, and they told her that
they would reduce the asking price from $300,000 to $190,000.  Fox’s associate, Greg Williams, who also
worked as a realtor for Qualified Properties, contacted Mushtaha, whom he knew
was previously interested in the property. 
On April 18, 2008, Mushtaha signed a proposed earnest money contract, in
which he offered to buy the property for $170,000, and Williams submitted it to
Fox.  The contract stated: 

CONTRACT AS OFFER.  The execution of this contract by the first
party constitutes an offer to buy or sell the Property.  Unless the other party accepts the offer by
5:00 p.m., in the time zone in which the Property is located, on April 21,
2008 the offer will lapse and become null and void.

 

          The Kidds declined Mushtaha’s offer to
buy their property for $170,000.  They
reiterated that $190,000 was their bottom line, and they authorized Fox to
cross out the price term of $170,000 substitute their proposed price of
$190,000.  Fox did so.  She placed her initials beside the changes
she made, but she did not initial or sign anywhere else on the proposed earnest
money contract.  The Kidds did not sign
or initial the proposed contract either.  Fox delivered the proposed earnest money
contract to Mushtaha’s agent.  Williams
emailed the Kidds’ response to Mushtaha at 4:00 p.m. on April 18, 2008.  That same day, a second prospective buyer, Jim
AL, Ltd., offered to buy the property for $191,000.

          On April 21, Williams informed
Mushtaha that another party had offered to buy the property for $191,000 and
that he would have to match or exceed this price if he wished to buy the
property.  Mushtaha signed and initialed
the proposed contract with the sales price of $190,000.  At approximately 7:30 p.m. that same day,
Mushtaha faxed the proposed earnest money contract to Qualified Properties.  

          The Kidds never signed the proposed
contract with Mushtaha.  Both the
affidavits of Thornton Kidd and Alix Fox state that the Kidds did not authorize
Fox to accept the proposed contract. 
Additionally, Thornton’s affidavit states that he never directed Fox nor
gave her the authority to sell the property without confirming his signature on
the sales agreement.  On April 23, 2008,
the Kidds signed an earnest money contract proposed by Jim AL.

          When Mushtaha realized that the Kidds did
not intend to sell him the property, he sued for breach of contract and
specific performance.  He also placed a
lis pendens on the property, preventing the Kidds from selling it to Jim
AL.  The Kidds countersued for a
declaratory judgment that there was no valid contract to sell Mushtaha the
property or that the alleged contract did not comply with the statute of frauds.
 In addition, the Kidds sought attorney’s
fees and the removal of the lis pendens. 


The Kidds filed a motion for summary judgment on all claims.  Mushtaha responded, offering his own
affidavit as summary judgment proof.  The
Kidds objected to his affidavit.  The
trial court sustained the Kidds’ objection to Mushtaha’s summary judgment
proof, granted the Kidds’ motion, and entered a final declaratory judgment in
their favor.  The trial court ordered the
lis pendens removed and awarded attorney’s fees to the Kidds.

II.              
Standard of Review

We review de novo the trial court’s
ruling on a motion for summary judgment.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  “We review the evidence
presented in the motion and response in the light most favorable to the party
against whom the summary judgment was rendered, crediting evidence favorable to
that party if reasonable jurors could, and disregarding contrary evidence
unless reasonable jurors could not.”  Id. (citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)); see Johnson v. Brewer & Pritchard, P.C.,
73 S.W.3d 193, 208 (Tex. 2002).  We must
review all of the summary judgment grounds on which the trial court ruled that
are dispositive of the appeal, and we may consider any other grounds on which
the trial court did not rule.  See Baker Hughes, Inc. v. Keco R. & D.,
Inc., 12 S.W.3d 1, 5 (Tex. 1999) (citing Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 624 (Tex. 1996)).
 However, issues not expressly presented
to the trial court by written motion, answer, or other response shall not be
considered as grounds for reversal.  Tex. R. Civ. P. 166a(c); see Via Net v. TIG Ins. Co., 211 S.W.3d
310, 313 (Tex. 2006).

The party moving for traditional
summary judgment must show that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003).  A defendant must disprove at least one of the
essential elements of the plaintiff’s cause of action to prevail on summary
judgment.  Elliott-Williams Co., Inc. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999); see Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  Alternatively, a defendant may obtain summary
judgment based on an affirmative defense by proving all the essential elements
of the affirmative defense as a matter of law. 
KPMG Peat Marwick v. Harrison
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Leach v. Conoco, Inc., 892 S.W.2d 954,
959 (Tex. App.—Houston [1st Dist.] 1995, writ dism’d w.o.j.).  “The nonmovant has no burden to respond to a
summary judgment motion unless the movant conclusively establishes its cause of
action or defense.”  M.D. Anderson Hosp. and Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex.
2000).  However, once the defendant
produces sufficient evidence conclusively establishing his right to summary
judgment, the burden of proof shifts to the plaintiff to present evidence
sufficient to raise a fact issue.  See Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995) (citing “Moore”
Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 936–37 (Tex. 1972)).


III.          
Statute of Frauds

In his second issue, Mushtaha argues that the trial court
erred in concluding that the contract did not satisfy the statute of frauds.  

Under the statute of frauds, a contract for the sale of real
estate must be in writing and signed by the party charged with compliance with
its terms or by someone lawfully authorized to sign for him.  Tex.
Bus. & Com. Code Ann. § 26.01(a), (b)(4) (Vernon 2009).  Ordinarily, a real estate broker is only a special
agent whose authority is “limited to showing the property and finding a
purchaser.”  Loma Vista Dev. Co. v. Johnson, 180 S.W.2d 922, 924 (Tex. 1944); see Joseph v. James, No. 03-07-00197-CV,
2009 WL 3682608, at *3 (Tex. App.—Austin Nov. 6, 2009, no pet.) (mem. op.);
Placemaker, Inc. v.
Greer, 654 S.W.2d 830, 834–835 (Tex.
App.—Tyler 1983, writ dism’d).  Absent a special agreement
conferring additional agency authority, a real estate broker cannot bind the
owner or consummate a sale.  Loma Vista Dev. Co., 180 S.W.2d at 924; Joseph, 2009 WL 3683608, at *3; Placemaker, Inc., 654 S.W.2d at 834–835.  

Mushtaha contends that Fox had actual and apparent authority
to sign on behalf of the Kidds and that her initials next to the particular
terms of the proposed agreement were equivalent to a signature accepting the
entire agreement on behalf of the Kidds. 
In his affidavit, Thornton Kidd
asserts that he never directed Fox to sell the property without confirming his
signature on the sales agreement, nor did he give Fox the authority to act on
his behalf to sell the property without his written signature on the sales
contract.  In her affidavit, Fox states
that the Kidds never authorized her to accept Mushtaha’s offer of
$190,000.  In addition, Fox did not sign
the contract; she merely initialed the change in price.  This is not evidence that Fox was authorized
to bind the Kidds to an agreement; it is evidence of the parties’ negotiation
and the price that the Kidds were willing to accept at that time.  

Mushtaha relies on Lebow v. Weiner, 420 S.W.2d 755 (Tex. App.—Houston [14th
Dist.] 1967, writ denied), to support
his contention that there existed a signed writing that satisfied the statute
of frauds.  That case held that a real estate agent’s
signature was sufficient to support a finding of a signed writing.  Id.
at 757–58.  However, in Lebow, the real estate agent signed the
contract in the presence of the seller, which was a circumstance that supported
the trial court’s implied finding that indicated the seller intended thereby to
enter into the contract.  Id. 
As we have explained, Fox did not execute the proposed earnest money
contract, and the Kidds did not perform any act that would demonstrate their
intent to enter into a final contract with Mushtaha.  

Because the proposed earnest money contract was not signed by the Kidds
or someone lawfully authorized to sign for them, the proposed contract does not
satisfy the statute of frauds.  See Tex. Bus. & Com. Code Ann. § 26.01(a), (b)(4).  We hold that
the trial court properly granted summary judgment on this basis, and we
overrule Mushtaha’s second issue.  In
light of this disposition, we need not address Mushtaha’s first or third issues,
which relate to the question of whether a contract had been formed.  See
Cincinnati Life Ins. Co., 927 S.W.2d at 626 (holding that “courts of
appeals should consider all summary judgment grounds the trial court rules on
and the movant preserves for appellate review that are necessary for final
disposition of the appeal when reviewing a summary judgment”).

IV.          
Attorney’s Fees

In his fourth issue, Mushtaha argues that the trial court erred in
awarding attorney’s fees to the Kidds because there was no evidence that
Mushtaha’s lawsuit was frivolous and because the Kidds’ suit for declaratory
judgment was improper.  

Under the Declaratory Judgments Act, the trial court may award reasonable
and necessary attorney’s fees that are equitable and just.  Tex.
Civ. Prac. & Rem. Code § 37.009 (Vernon 2008).  The Act “entrusts attorney fee awards to the
trial court’s sound discretion, subject to the requirements that any fees
awarded be reasonable and necessary, which are matters of fact, and to the
additional requirements that fees be equitable and just, which are matters of
law.”  Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).  Therefore, we review a trial court’s award of
attorney’s fees under the Act for an abuse of discretion.  Id.  A trial court abuses its discretion by ruling
arbitrarily, unreasonably, or without regard to guiding legal principles or
without supporting evidence.  Id. 
We presume that the trial court acted within the bounds of discretion
unless the record shows the contrary.  Beard v. Endeavor Natural Gas, L.P., No.
01-08-00180-CV, 2008 WL 5392026, at *8 (Tex. App.—Houston [1st Dist.] Dec. 19,
2008, pet. denied).  In the context of
the Act, “[u]nreasonable fees cannot be awarded, even if the court believed
them just, but the court may conclude that it is not equitable or just to award
even reasonable and necessary fees.”  Bocquet, 972 S.W.2d at 21.

The Declaratory Judgments Act is not available to settle disputes already
pending before a court.  BHP Petroleum Co. v. Millard, 800 S.W.2d
838, 842 (Tex. 1990) (orig. proceeding); Indian
Beach Prop. Owners’ Ass’n v. Linden, 222 S.W.3d 682, 701 (Tex. App.—Houston
[1st Dist.] 2007, no pet.); see Sanchez
v. AmeriCredit Fin. Servs., Inc., 308 S.W.3d 521, 524 (Tex. App.—Dallas
2010, no pet.) (“A counterclaim for declaratory judgment is improper if it is
nothing more than a mere denial of the plaintiff’s claims and the counterclaim
fails to have greater ramifications than the original suit.”).  “For example, a counterclaim brought under the
Declaratory Judgment Act presenting no new controversies but brought solely to
pave an avenue to attorney’s fees is improper.” 
Warrantech Corp. v. Steadfast Ins.
Co., 210 S.W.3d 760, 770 (Tex. App.—Fort Worth 2006, pet. denied).  “[H]owever, a defensive declaratory judgment
may present issues beyond those raised by the plaintiff.”  Indian
Beach Prop. Owners’ Ass’n, 222 S.W.3d at 701.  For example, a counterclaim that seeks
affirmative relief may be the proper subject of a declaratory judgment.  Id.
at 702.

Here, Mushtaha sued for breach of contract and specific performance.  The Kidds’ declaratory judgment action was
more than a mere denial of Mushtaha’s claims because in addition to seeking a
declaration that there was no contract to sell their property that satisfied
the statute of frauds, the Kidds also sought cancellation of the lis pendens
that Mushtaha placed on the property. 
Thus, the Kidds sought affirmative relief to clear title to their
property.  We conclude that the Kidds’
defensive declaratory judgment action was not improper.  See
id.

The trial court awarded the Kidds $9,833 in attorney’s fees.  This amount is supported by the affidavit of
the Kidds’ attorney.  Mushtaha did not
object to this summary-judgment evidence. 
Mushtaha has not shown that these fees were not reasonable, necessary,
equitable, and just.  See Beard, 2008 WL 5392026 at *8.

We overrule Mushtaha’s third issue.




 

 

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Massengale and Matthews.[*] 








 











[*]        The
Honorable Sylvia Matthews, Judge of the 281st District Court of Harris County,
participating by assignment.