Opinion issued April 30, 2024



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00085-CV

————————————

**ANNA WILLIAMS, Appellant**

**V.**

**HMAIDAN HOLDINGS, LLC, Appellee**

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2022-20692**

---

## MEMORANDUM OPINION

In this appeal involving a home equity loan secured by a homestead, appellant Anna Williams appeals from the trial court's orders (1) granting summary judgment in favor of appellee Hmaidan Holdings, LLC on its declaratory judgment counterclaim; (2) granting Hmaidan Holdings's motion to modify the final summary

judgment order; and (3) denying Williams's combined plea to the jurisdiction and partial motion for summary judgment. In her first issue, Williams contends that the trial court erred in granting summary judgment because Hmaidan Holdings's second lien against Williams's homestead is constitutionally non-compliant and void. In her second issue, she argues that the trial court lacked subject matter jurisdiction over Hmaidan Holdings's declaratory judgment counterclaim because it is merely a denial of her declaratory judgment action and presents no new controversy. We reverse and remand.

## Background

On April 24, 2018, Williams, joined by her husband, Robert Parker,[1] took out a loan from Hmaidan Holdings for $381,000.00. Williams and Parker executed a promissory note which was secured by a second deed of trust on Williams and Parker's homestead, described as

> Lot Twelve (12), in Block Seven (7), of PLAINVIEW ADDITION, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 2, Page 25 of the Map Records of Harris County, Texas.

On April 6, 2022, Williams filed an application for declaratory judgment against Hmaidan Holdings pursuant to the Unform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001. She sought declarations that (1) the equity loan

---

[1] Although a third-party defendant in the underlying suit, Parker is not a party to this appeal.

was void and unenforceable because Hmaidan Holdings was not an authorized lender as required under the Texas Constitution, and (2) Hmaidan Holdings shall forfeit all principal and interest of the loan. *See* TEX. CONST. art. XVI, § 50.

Hmaidan Holdings answered asserting a general denial and affirmative defenses as well as a counterclaim seeking declarations that its lien on Williams's property was valid and that the loan was not constitutionally forfeited. It also sought attorney's fees and costs.

Hmaidan Holdings moved for traditional summary judgment on its declaratory judgment counterclaim. It argued that no disputed issues of material fact existed, Williams's action seeking forfeiture of the loan was not a legally recognized remedy under Article XVI of the Texas Constitution, and it was entitled to a declaratory judgment that its second deed of trust on Williams's property was valid and its loan was not forfeited. It attached to its motion the affidavit of Rosa Hmaidan and related documents, including the promissory note and second deed of trust, and an attorney fee affidavit.

Williams filed a combined summary judgment response and plea to the jurisdiction. She argued that the trial court lacked subject matter jurisdiction because the counterclaim merely sought a denial of Williams's pending declaratory judgment application and therefore did not seek relief beyond what could be obtained through resolution of Williams's suit, and that the declaratory judgment counterclaim was a

3

contrivance to claim attorney's fees. Hmaidan Holdings replied that Williams put forth no controverting evidence thereby conceding that no fact issue existed, and that it was entitled to seek a declaration that its lien was valid and the loan was not forfeited.

On December 3, 2022, Williams filed an original petition and amended application for declaratory judgment adding claims to quiet title, fraud by nondisclosure, and fraudulent inducement.

The trial court granted Hmaidan Holdings's motion for summary judgment on December 5, 2022. In its order, the court declared that (1) Hmaidan Holdings's second deed of trust lien on Williams's homestead property was valid, and (2) its 2018 loan of $381,000.00 to Williams and Parker was not legally forfeited under Texas Constitution, Article XVI, Section 50(a)(6)(Q)(xi). The order further stated that "[t]his is a final judgment and appealable." The trial court did not award attorney's fees.

Hmaidan Holdings moved to modify the summary judgment order to reflect that Williams's declaratory judgment action was dismissed with prejudice. Williams, in turn, moved to modify, correct, or reform the summary judgment order declaring Hmaidan Holdings's second deed of trust lien valid.

On December 30, 2022, Williams moved for partial summary judgment on her quiet title claim, arguing that no disputed issue of material fact existed and that she conclusively established all the elements of her claim.[2]

Hmaidan Holdings filed a combined response to Williams's motion for partial summary judgment and motion to modify the trial court's summary judgment order. Citing Texas Rule of Civil Procedure 63, it argued that Williams's amended pleading asserting a claim to quiet title, on which she moved for summary judgment three days before the summary judgment hearing, was untimely as a matter of law.[3] Hmaidan Holdings reiterated its position that the second deed of trust lien was valid and a declaratory judgment action based on a constitutional right to forfeiture is not available to access the forfeiture remedy.[4] It argued that in addition to the

---

[2] To prevail in a suit to quiet title, a plaintiff must prove: (1) she has an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *K&B Props., LP v. Castro*, No. 01-19-00686-CV, 2021 WL 4533259, at *3 (Tex. App.—Houston [1st Dist.] Oct. 5, 2021, no pet.) (mem. op.).

[3] Rule of Civil Procedure 63 provides: "Parties may amend their pleadings . . . provided, that any pleadings . . . offered for filing within seven days of the day of trial . . . or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party." TEX. R. CIV P. 63.

[4] Hmaidan Holdings noted that, at most, Williams could try and use its failure to comply with the constitutional mandates as a defense in a future foreclosure action.

untimeliness of her amended pleading, Williams was not entitled to the equitable remedy of a quiet title action.

Williams filed a summary judgment reply arguing that her amended pleading was proper because (1) it raised no new substantive matters, and Hmaidan Holdings failed to show any surprise or prejudice; (2) the second lien deed of trust was invalid due to the constitutionally noncompliant loan; and (3) Hmaidan Holdings's equity argument was untenable.

On January 24, 2023, the trial court granted Hmaidan Holdings's motion to modify final summary judgment order and entered an amended summary judgment order stating that Williams's claims were dismissed with prejudice and awarding $9,000.00 in attorney's fees to Hmaidan Holdings.[5] The same day, the trial court denied Williams's plea to the jurisdiction and her partial summary judgment motion on her "claims filed with this Court, without leave, on December 2, 2022[.]" The order stated that the judgment, in conjunction with the above modified judgment, resolved all parties and all claims and dismissed William's claims with prejudice. This appeal followed.[6]

---

[5] The order also awarded Hmaidan Holdings $20,000 in conditional appellate attorney's fees upon an unsuccessful appeal by Williams to the court of appeals, $15,000 upon an appeal to the Texas Supreme Court if the judgment in favor of Hmaidan Holdings was upheld, and $5,000 in the event of post-judgment collection and enforcement activities.

[6] Hmaidan Holdings did not file an appellate brief.

## Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In a traditional motion for summary judgment, the movant bears the burden to establish that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The movant must negate at least one essential element of each of the plaintiff's causes of action or establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)).

## Validity of Declaratory Judgment Counterclaim

In her second issue, Williams contends that the trial court lacked subject matter jurisdiction over Hmaidan Holdings's declaratory judgment counterclaim because it is merely a denial of Williams's declaratory judgment action that was already pending before the trial court, requests no relief beyond what could be obtained through resolution of Williams's pending action, and is a contrivance to claim attorney's fees. Because this issue is dispositive, we address it first.

7

The Uniform Declaratory Judgments Act (UDJA) is "not available to settle disputes already pending before a court." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990); *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 701 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A party cannot assert a counterclaim for declaratory relief and attorney's fees based on mere denials of the opposing party's cause of action. *See Millard*, 800 S.W.2d at 841–42; *see also Winner v. Jarrah*, No. 01-19-00115-CV, 2020 WL 477222, at *7 (Tex. App.— Houston [1st Dist.] Jan. 30, 2020, no pet.) ("[B]ecause the Declaratory Judgments Act is not available to settle disputes already pending before the trial court, [] a mirror-image counterclaim for declaratory relief generally will not support an award of attorney fees[.]") (citations omitted); *Mushtaha v. Kidd*, No. 01-09-00456-CV, 2010 WL 5395694, at *4 (Tex. App.—Houston [1st Dist.] Dec. 30, 2010, no pet.) (mem. op.) ("[A] counterclaim brought under the Declaratory Judgment[s] Act presenting no new controversies but brought solely to pave an avenue to attorney's fees is improper.") (quoting *Warrantech Corp. v. Steadfast Ins. Co.*, 210 S.W.3d 760, 770 (Tex. App.—Fort Worth 2006, pet. denied)).

While this rule precludes a counterclaim that presents nothing more than a denial of the plaintiff's claim, the Texas Supreme Court has carved out an exception when the counterclaim seeks a true declaration of an ongoing and continuing relationship and when the counterclaim asserts relief having "greater ramifications"

8

than the original suit. *Mustang Sec. & Investigations, Inc. v. Alpha & Omega Servs., Inc.*, No. 01-06-00093-CV, 2007 WL 4099413, at *3 (Tex. App.—Houston [1st Dist.] Nov. 15, 2007, no pet.) (mem op.). "A counterclaim has greater ramifications than the original suit if it seeks affirmative relief." *Id.* (quoting *Howell v. Mauzy*, 899 S.W.2d 690, 706 (Tex. App.—Austin 1994, writ denied)); *see Hous. Aeronautical Heritage Soc'y, Inc. v. Graves*, No. 01-12-00443-CV, 2013 WL 6506301, at *5 (Tex. App.—Houston [1st Dist.] Dec. 10, 2013, no pet.) (mem. op.) (noting that court may allow declaratory judgment counterclaim if it states claim for affirmative relief). "'To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.'" *Gen. Land Off. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990) (quoting *Weaver v. Jock*, 717 S.W.2d 654, 657 (Tex. App.—Waco 1986, writ ref'd n.r.e.)).

Here, Williams brought a declaratory judgment action seeking declarations that the equity loan in question was void and unenforceable because Hmaidan Holdings was not an authorized lender and that Hmaidan Holdings must forfeit all principal and interest of the loan. In its declaratory judgment counterclaim, Hmaidan Holdings sought declarations that its lien on Williams's property was still valid and that the loan was not constitutionally forfeited. Hmaidan Holdings's declaratory

judgment counterclaim presents nothing more than a denial of Williams's declaratory judgment action. It does not allege a cause of action "independent of the plaintiff's claim on which the defendant could recover benefits, compensation, or relief, even if the plaintiff were to abandon or fail to establish his cause of action." *Id.* Our conclusion is further supported by Hmaidan Holdings's own characterization of its counterclaim in its summary judgment reply:

> Defendant's counterclaim merely asks the Court to make the opposite holding as Plaintiff has sued for. The counterclaim concerns the validity of the lien subject to this suit and Defendant has just as much right to ask the court for a declaration that its lien is valid as Plaintiff has the right to ask the court for one that the lien is invalid.

Because Hmaidan Holdings's declaratory judgment counterclaim is subsumed by Williams's declaratory judgment action and is merely a defensive mirror that does not seek affirmative relief beyond the relief Hmaidan Holdings would be entitled to upon disposition of Williams's declaratory judgment action, the trial court erred in rendering summary judgment in its favor. *See Mustang Sec. & Investigations*, 2007 WL 4099413, at *4 ("We hold that the trial court erred by rendering summary judgment on the ground that Mustang failed to assert a claim for broader relief than that sought by A & O."). Accordingly, we sustain Williams's second issue.[7]

---

[7] In her first issue, Williams contends that the trial court erred in granting summary judgment in favor of Hmaidan Holdings because its second lien against Williams's homestead is constitutionally non-compliant and void. Because of our resolution of

10

**Conclusion**

We reverse the trial court's (1) amended order granting Hmaidan Holdings's summary judgment motion; (2) order granting Hmaidan Holdings's motion to modify final summary judgment order; and (3) order denying Williams's combined plea to the jurisdiction and partial motion for summary judgment, and we remand the case to the trial court for proceedings consistent with this opinion.

Amparo Monique Guerra
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.

---

her second issue, we need not reach her first issue and express no opinion on the merits of her argument.

11